PETER A. KURT v. ROBERT LANYON.

No. 14,273. (82 Pac. 459.)

SYLLABUS BY THE COURT.

1. CONTRACTS—*Separate Writings—Construction.* Where two or more written instruments are executed at the same time, between the same parties, relating to the same subject-matter, and embodying but one transaction, and the execution of one is expressed to be the consideration for the other, a court, in construing one of them, should read them all together as though all the parts were contained in one writing.

2. CONVEYANCES—*Writing Given by Grantee—Exception in a Deed.* Where the owner enters into an agreement to sell certain real estate, excepting the oil and gas therein, and upon the fulfilment of it a warranty deed is executed to the grantee named in the contract, and at the same time such grantee executes to the grantor a writing purporting to convey to him all the oil and gas in the land, and it is expressed therein that it is executed for one dollar and the deeding of the premises, the deed and the pretended conveyance of the oil and gas in the land back to the grantor should be read together, and, when so read, they constitute a deed to the land, excepting the oil and gas therein.

Error from Allen district court; OSCAR FOUST, judge. Opinion filed October 7, 1905. Affirmed.

*William H. Thompson,* for plaintiff in error; *Thompson & Thompson,* of counsel.

*McClain & Apt,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This controversy arose over the interpretation and construction of a certain writing or writings. The plaintiff claimed that a certain instrument, which was an encumbrance upon lands then owned by him, was an oil-and-gas lease, and that it was void, first, for want of consideration; second, for lack of mutuality; and, third, that it had been abandoned by the lessee. He brought this suit to have the instrument set aside and canceled. Judgment was for defendant.

It appears that prior to the execution of this instrument the title to the land conveyed was in the defendant, Lanyon, and that on the 1st day of June, 1897, Lanyon and his wife entered into a written agreement with one E. K. Taylor, in which they agreed that if Taylor would pay to them within ninety days $14,000, with interest at eight per cent. per annum, they would sell and convey to him the land in question, except the oil and gas in the land. This agreement, duly acknowledged, reads as follows:

"KNOW ALL MEN BY THESE PRESENTS, That we, Robert Lanyon and Mary Lanyon, his wife, of Crawford county, Kansas, by their attorney in fact, Robert H. Lanyon, are held and firmly bound unto E. K. Taylor in the penal sum of twenty-eight thousand dollars ($28,000), for the payment of which we do bind ourselves, our heirs, executors, and assigns, and administrators.

"Witness our hands and seals, this 1st day of June, 1897.

"The condition of the above obligation is such, that if the said E. K. Taylor shall pay or cause to be paid unto the said Robert Lanyon the following sum of

money, to wit, fourteen thousand dollars ($14,000), ninety days from the date hereof, for which the said E. K. Taylor has given his promissory note payable to Robert Lanyon or order, and to bear interest at eight per cent. per annum from this date, upon the payment of the said sum of money, to wit, fourteen thousand dollars ($14,000), with interest at eight per cent. per annum from this date, to the said Robert Lanyon, when due as aforesaid (it being expressly understood and agreed that time is of essence in this contract), then the said Robert Lanyon and Mary Lanyon, his wife, shall make or cause to be made unto the said E. K. Taylor, his heirs and assigns, a special warranty deed to the following-described real estate to wit:   All of section twenty (20), and the south one-half (½) and the northwest quarter (¼) of section twenty-eight (28), all in township twenty-four (24), range twenty (20), containing eleven hundred and twenty acres (1120), lying and being situate in Allen county and state of Kansas.

"The said Robert Lanyon and Mary Lanyon, his wife, expressly reserve the right that in any convey-ance they make that they reserve unto themselves the use of all oil or gas privileges on said land or any part thereof; and the purchaser or purchasers of said land or any part thereof to execute to the said Lanyons a free gas-and-oil lease on the land so purchased, the same in form as is now used by the Palmer Oil Com-pany.

"And it is further expressly stipulated and agreed that upon the request of said E. K. Taylor they, the undersigned, will execute a special warranty deed to him or his assigns, with the reservations aforesaid, for any quantity of said land, not less than one quar-ter (¼) section or in quarter- (¼) section tracts, if desired, at a price of not less than fifteen dollars ($15) per acre.

"It is further understood and agreed that there now exist certain leases upon said lands, which leases are this day transferred to said Robert Lanyon, and it is understood that any rents collected upon said leases from this date by said Lanyons shall apply as a credit on the purchase-money note as aforesaid, and this obligation to be null and void; otherwise, in full force and effect.

"IN TESTIMONY WHEREOF, We have hereunto set

our hands and affixed our seals, on the day and year first above written.     ROBERT LANYON.    ('SEAL.)
                                    MARY LANYON.     (SEAL.)
"By ROBERT HENRY LANYON, attorney in fact for Robert Lanyon and Mary Lanyon."

On the 12th day of October, 1897, Taylor having complied with this agreement on his part, Lanyon and wife executed to him a warranty deed to the land; and at the same time, and as a part of the same transaction, and, as expressed therein, in consideration of the deed, Taylor executed the following writing, duly acknowledged, which plaintiff calls a lease and which he now seeks to have canceled:

"IN CONSIDERATION of the sum of one dollar, and of a deed of the within-described land to the grantor herein, of same date, and of the covenants and agreements hereinafter contained, E. K. Taylor, a single man, first party, hereby grants unto Robert Lanyon, second party, his heirs and assigns, all the oil and gas in and under the following-described premises, together with the right to enter thereon at all times for the purpose of drilling and operating for oil and gas or water, to erect, maintain and remove all buildings, structures, pipes, pipe-lines and machinery necessary for the production and transportation of oil, gas, or water.

"Provided, that the first party shall have the right to use said premises for farming purposes, except such part as is actually occupied by second party, namely: A lot of land situated in the township of Elm, county of Allen, in the state of Kansas, and described as follows, to wit:   All of section twenty (20), township twenty-four (24) south, of range twenty (20), containing ———— acres, more or less.

"The above grant was made on the following terms:
" (1)   Second party agrees to drill a well upon said premises within ———— months from this date, or thereafter pay to first party ———— dollars annually until said well is drilled, or the property hereby granted is conveyed to the first party.
" (2)   Should oil be found in paying quantities upon the premises, second party agrees to deliver to first party, in the pipe-line with which it may connect

the well, or wells, the tenth part of all the oil produced and saved from said premises.

"(3) Should gas be found, second party agrees to pay to first party no dollars annually for every well from which gas is used off the premises.

"(4) First party shall be entitled to enough gas free of cost to heat his stoves in the residence on said premises as long as second party shall use gas off said premises under this contract, but shall lay and maintain the service pipes at his own expense, and use said gas at his own risk. The said party of the second part further to have the privilege of excavating for water and of using sufficient water, gas and oil from the premises herein leased to run the necessary engines for the prosecution of said business.

"(5) Second party shall bury, when requested to do so by the first party, all gas lines used to conduct gas off said premises, and pay all damages to timber and crops by reason of the burying, repairing or removal of lines of pipe over the said premises.

"(6) No well shall be drilled nearer than ―――― feet to any building on said premises.

"(7) Second party may at any time remove all of his property and reconvey the premises hereby granted, and thereupon this instrument shall be null and void.

"(8) A deposit to the credit of the lessor in ―――― bank, to the amount of any of the money payments herein provided for, shall be a payment under the terms of this lease.

"(9) If no well be drilled upon said premises within ―――― years from this date, second party agrees to reconvey, and thereupon this instrument shall be null and void.

"IN WITNESS WHEREOF, The parties have hereunto set their hands and seals, this 12th day of October, A. D. 1897.    E. K. TAYLOR.    (SEAL.)"

The writing expressly says that it is given "in consideration of the sum of one dollar, and of a deed of the within-described land to the grantor herein, of same date, and of the covenants and agreements hereinafter contained," and that thereby E. K. Taylor grants unto Robert Lanyon, "his heirs and assigns, all the oil and gas in and under the following-described

premises, together with the right," etc., describing the same lands which Lanyon and wife had that day conveyed to Taylor. The instrument recites a sufficient consideration, and the evidence introduced clearly and conclusively sustains the correctness of the recitals. After this instrument had been recorded Taylor deeded the land to one Doty, excepting therein all rights of the grantees under this writing. Doty in turn conveyed to the plaintiff, making the same exception.

The deed of Lanyon and wife and the so-called lease were executed at the same time and relate to the same subject-matter. A part of the consideration for the so-called lease, as expressed therein, was the deed of the same date to the lessor of the lands described therein. Together they constitute but one transaction, and were executed pursuant to the previous agreement between Taylor and Lanyon, by the terms of which Lanyon and wife agreed to deed to Taylor the land, except the oil and gas therein. When two or more written instruments are thus executed, courts in construing either should read them all together, the same as if all the parts were contained in one instrument. (*Ritchie v. K. N. & D. Rly. Co.*, 55 Kan. 36, 39 Pac. 718; *Jack v. Hooker*, 71 Kan. 652, 81 Pac. 203.) Thus read and construed, these instruments amount to a deed, with an exception to the grantor excepting from the conveyance all the oil and gas in the land conveyed, and reserving to him, his heirs and assigns the right to enter the premises to lay pipes and erect and operate such machinery as might be necessary to reduce the oil and gas to possession.

It appears that the form used by the parties in making the exception was one prepared for oil-and-gas leases, and it is significant, as tending to show that the parties were not making a lease, that a pen was drawn through each blank in that part of the lease which would, if properly filled out, impose special conditions on the lessee. The blank in clause number

5—72 KAN.

1, which is ordinarily filled in with a definite date within which a well shall be put down, was erased by having a pen drawn through it, indicating an intention that there was no time limit. So with the blank in the same clause where usually is inserted the amount of money which the grantee shall pay to the grantor in case the lease is to continue and wells are not put down within the time stipulated. Also in clause 9, which is a provision requiring the grantee to reconvey in case no well be drilled within a specified time, the blank is not only not filled, but a pen was drawn through it.

There are two provisions in the instrument indicating that Taylor should receive benefits from the production of gas or oil on the premises. The first is found in clause 2, which provides: "Should oil be found in paying quantities upon the premises, second party agrees to deliver to first party . . . the tenth part of all the oil produced and saved from said premises." The second is in clause 4, as follows: "First party shall be entitled to enough gas free of cost to heat his stoves in the residence on said premises."

Whether these provisions are only personal, or run with the land, we are not called upon to decide; in any event, they are not sufficient to turn the exception in the deed into a lease.

Construing the two instruments as one, the title to the oil and gas in the lands conveyed by Lanyon and wife to E. K. Taylor did not pass to Taylor, but was expressly excepted to the grantors. The judgment is affirmed.

All the Justices concurring.