No. 20,750.

LOUISA ROSEMAN, *Appellant*, v. FRIEDRICH NIENABER, *Appellee.*

#### SYLLABUS BY THE COURT.

1. WRITTEN INSTRUMENTS—*Deed, Written Agreement, and Will—Parts of Single Transaction.* A deed from a father to a son, a written agreement on the part of the son to pay an annual sum to his father during his father's lifetime, and a will of the father's property, real and personal, to his son, providing, however, that the daughter should receive the sum of $2500, which was a part of the consideration for the deed, all the instruments having been executed at the same time and place, should be considered as parts of a single transaction.

2. DEED—*Consideration—Parol Evidence.* Parol evidence as to the true consideration for the deed, as to the situation of the parties, and as to the circumstances under which the instruments were executed, was admissible.

3. WRITTEN INSTRUMENTS—*Created Obligation in Favor of Plaintiff.* The written instruments construed in the light of the parol evidence, and held that the son was under an obligation to pay the daughter the sum of $2500 after their father's death.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed March 10, 1917. Reversed.

*Edgar Bennett,* of Washington, for the appellant.

*J. R. Hyland,* of Washington, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for recovery of the sum of $2500 and interest and for a lien on land belonging to the defendant. The plaintiff was denied relief and appeals.

The parties to the action are brother and sister. On August 9, 1907, their father, Wilhelm Nienaber, made his will, which contained the following provision for the plaintiff's benefit:

"Second, After the payment of such funeral expenses and debts, I give, devise and bequeath to my daughter, Louisa Roseman, of Jefferson county, in the state of Nebraska, the sum of $2500 which is to be paid her by my son, Friedrich Nienaber, to whom I have to-day conveyed by warranty deed the east half of the southwest quarter and the northwest quarter of the southwest quarter of section two in township one, south of range five east, in Washington county, Kansas. It being my intention that the payment of the aforesaid bequest by him shall be in full payment of the balance of the consideration due me from him on the purchase price of the above mentioned land."

The will gave the remainder of the testator's property, real and personal, to the defendant, who was named as executor. On the same day Wilhelm Nienaber executed and delivered the deed referred to in the will. The deed was in form a warranty deed of the real estate described, and recited a consideration of $5000. On the same day the defendant executed and delivered to his father an agreement to pay his father an annual sum of $200 during his father's natural life. The agreement was expressed to be in consideration of the conveyance. Performance of the agreement by the defendant was guaranteed by Fred Immhoff, a brother-in-law of Wilhelm Nienaber. The testator died on December 29, 1913.

The petition recited the execution of the instruments referred to and claimed that payment to the plaintiff of the sum of $2500 was part of the consideration for the deed from her father to her brother. The negotiations between the defendant and his father relating to the consideration for the deed and the circumstances under which the three instruments were prepared and executed were proved. The defendant and his father discussed the conveyance of the land and the making of the will at Immhoff's house. Among other things the defendant said he would not buy the place unless Louisa got half, and the substance of the conversation was that the de-

fendant wanted Louisa to have $2500 out of the farm. The defendant, his father, and Immhoff then went to Hanover, the matter was talked over further at a bank, and the three instruments referred to were prepared by the banker, Wilhelm Nienaber telling the banker what to write. The defendant stepped out of the room when the will was made, saying he did not want to know about it. The defendant paid nothing for the land at the time the deed was delivered, and after that time paid nothing except the annual sum of $200 until his father's death, $1000 in all. At the time the instruments were executed the land was worth $7500. At that time Wilhelm Nienaber owned other real estate and owned other personal property, the value of which is not disclosed.

The defendant argues that each one of the three instruments must stand by itself, that no one of them considered alone imposes any obligation on him to pay his sister anything, or to see that she is paid anything, and that the parol evidence should be disregarded, as impeaching the deed and the contract for annual payments. The parol evidence rule does not exclude proof of the true consideration of written instruments. The situation of the parties and the circumstances under which written instruments are executed and delivered may be shown by parol in aid of interpretation. The deed, the agreement, and the will are to be considered as integral parts of a single transaction, so far as disposition of the land is concerned. (*Jack v. Hooker*, 71 Kan. 652, 81 Pac. 203.)

Reading the deed, the will, and the agreement together, it is plain that the defendant was to have the land described in the deed, by virtue of the deed, and was to have whatever property, real and personal, Wilhelm Nienaber owned at the time of his death, by virtue of the will. For the land conveyed by the deed the defendant was to pay $200 annually to Wilhelm Nienaber while he lived, and was to pay $2500. Time of payment of the $2500 was deferred so that such payment would operate as payment of a bequest of that sum to Louisa Roseman, which would become effective at the testator's death. The instruments chosen to express the intention of the parties were those of laymen, and are to be considered accordingly. While the will stated that the $2500 was due Wilhelm Nienaber as part of the consideration for the farm, the will required the

Goeken v. Bank.

defendant to pay the money to the plaintiff and not to her father. The defendant obtained his deed on those terms and should be required to pay accordingly.

The defendant says there is no showing that the will was probated, or was not revoked. Probate of the will was not necessary to make the will a part of the transaction concluded in the Hanover bank on August 9, 1907. Presumably the will was not revoked, there being no evidence that it was.

The plaintiff pleaded an express oral agreement on the part of the defendant to pay her $2500 in consideration of the deed to him. The evidence has been summarized, and a definite oral statement having the effect claimed does not appear. Since, however, the plaintiff pleaded all the facts out of which the defendant's obligation arose, and the written instruments themselves, properly construed and considered in the light of the attending circumstances, establish the obligation, the allegation of an oral contract becomes immaterial.

The judgment of the district court is reversed, and the cause is remanded with direction to render judgment for the plaintiff as prayed for in the petition.