No. 27,511.

ETHEL SHIELDS, *Appellant*, v. GEORGE JOHNSON, *Appellee*.

(257 Pac. 926.)

SYLLABUS BY THE COURT.

1. EVIDENCE — *Parol Evidence Affecting Writing—Limitations to Rule — Consideration for Deed*. The real consideration of a conveyance of real estate may be shown by parol evidence, not offered to avoid the deed nor in contradiction of the recital in it as to consideration.

2. MINES AND MINERALS—*Division of Oil Royalties—Evidence of Agreement*. A finding of an agreement as to oil royalties derived from the land conveyed, there being a reservation in the deed by the grantor of the use and profits of the rent during his lifetime, is deemed to have been supported by the evidence and to be controlling as to the rights of the parties in that respect.

3. TRUSTS—*Creation by Implication–Payment of Purchase Money on Purchase of Land*. The transactions between a father and daughter who joined in purchasing a home for both, each contributing one-half of the purchase price, and where the legal title was placed in the daughter, their relations and the circumstances attending the transactions are deemed to show an intention of the parties to create a trust, and that a trust thereby arose by implication of law in favor of the father.

4. SAME — *Evidence*. Several rulings on the admission of evidence and in denying a motion for a new trial, are held to be without error.

Appeal from Harvey district court; WILLIAM G. FAIRCHILD, judge. Opinion filed July 9, 1927. Affirmed.

*Ralph B. Ralston*, of El Dorado, *W. H. Vonderheiden* and *Ashton E. Morgan*, both of Newton, for the appellant.

*C. L. Harris*, of El Dorado, *Ezra Branine* and *Alden E. Branine*, both of Newton, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action between a daughter and her father in which it was asked that certain funds should be declared a trust fund, held for plaintiff's benefit, also for the specific performance of certain agreements, and if performance could not be had there should be a recovery of a money judgment. The court found

Appeal and Error, 4 C. J. p. 883 n. 33.   Evidence, 22 C. J. pp. 1162 n. 67, 1168 n. 16, 1169 n. 19; 17 L. R. A. 270; 10 R. C. L. 1030; 2 R. C. L. Supp. 1142; 4 R. C. L. Supp. 687; 5 R. C. L. Supp. 583.   Mines and Minerals, 40 C. J. p. 1134 n. 52.   Trusts, 39 Cyc. pp. 108 n. 43, 131 n. 92, 132 n. 93, 133 n. 99, 160 n. 62.

the issues in favor of the defendant and rendered judgment in his favor, from which plaintiff appeals.

From the testimony and findings it appears that the land in question, an eighty-acre tract, was purchased by Johnson in 1899, and paid for out of his own funds, but that he had caused the deed to be made in the name of his wife, Jennie Johnson. She died intestate while the title stood in her name, leaving as her heirs the defendant and the plaintiff, her only surviving child. After her death he conveyed to his daughter, an undivided one-half interest in the real estate, reserving, however, the use and profit of it during his natural life, and since the execution of the deed the defendant has been in the continuous possession of the entire tract. It was the understanding of the parties to the deed that the reservation gave him the exclusive use of all the profits of the tract during his life. A lease of the land was made for mineral purposes, and it was agreed that the royalties or mineral productions therefrom should be equally divided between plaintiff and defendant and all of the moneys received from leases and royalty interests were actually divided in accordance with their agreement. One royalty deed was executed for a consideration of $27,500 cash, and a second one for a consideration of $27,500 cash, and pursuant to the agreement these amounts were equally divided between the parties, each receiving $27,500. At one time it was determined that the parties would move to Newton, and a residence property was purchased for $6,000, and subsequently sold and conveyed by plaintiff for $5,600. She had made improvements upon the residence property before the sale of the value of $1,000, and the court held that that $1,000 should be deducted from the sale price of $5,600, and that defendant was entitled to have one-half of the balance of the sale price, amounting to the sum of $2,300. There were household goods, furniture and fixtures, which the parties had bought at a cost of $1,372, to which each had contributed equally, and these were now in the possession of the plaintiff. This property was held to be of the value of $500, and that plaintiff was entitled to recover one-half of the same, amounting to $250.

Complaint is made of the admission of parol evidence relating to the payment of the consideration recited in the deed to Mrs. Johnson. It is contended that the evidence of defendant as to consideration operated to vary and contradict the terms of the instrument and should have been excluded. The evidence was not offered to

avoid the deed, and it was not in fact a contradiction of its terms. Who paid the consideration or in what it was paid, was not stated. The parol evidence rule does not exclude proof of the real consideration of the instrument, whether the amount named was the actual consideration, or whether it was paid in money or property, and by whom it was paid, may be inquired into and shown by parol proof. (*Milich v. Armour,* 60 Kan. 229, 56 Pac. 1; *Roseman v. Nienaber,* 100 Kan: 174, 166 Pac. 491; 22 C. J. 1161-1168.)

Neither do we find any error in the admission of the testimony of the witness Branine as to the statements of the parties concerning agreements and understandings respecting the reservation of the deed from defendant to plaintiff or in respect to the income tax inquiry. It was proper to show what the understanding and agreement of the parties was as to whether the reservation covered the use of the entire tract or only one-half of the same.

. It is further contended that the evidence did not justify the finding of the court of an agreement as to the division of the oil royalties. The evidence appears to be sufficient to show that the parties orally agreed that the proceeds of the royalties sold should be divided equally between them. Both parties joined in the transfers of the oil interests which had been reserved, and no reason is seen why the parties could not by agreement dispose of the interests of plaintiff and defendant. It is unnecessary to consider what the rule of division would have been if no agreement had been made. While plaintiff alleged that she was induced to enter into the agreement for the division of royalty money by the fraud of defendant, we think the court was warranted under the evidence in holding to the contrary on that charge. So far as consideration is concerned, the interests of the parties and the nature of the transaction make it clear that there was no lack of consideration for the agreement.

There is a contention that the court erred in holding that the property purchased for a home in Newton was jointly owned by plaintiff and defendant. It was shown that the purchase of the property for joint use was discussed, and an agreement was reached that each should pay one-half of the price, which was $6,000. The property was acquired when father and daughter, who was then unmarried, were living harmoniously together, and for the purpose of procuring a home for both. It was agreed that the title to the property thus jointly purchased should be placed in the name of the plaintiff. Nothing in the evidence indicates that any part of

the money advanced by the father was a gift or an advancement to the daughter. The manifest purpose was that each should share equally in buying a common home for both, to be owned. by both, and the title was placed in the name of the daughter at her request for convenience, and nothing was said to the effect that the entire ownership of the property should be in her. Each paid one-half of the price for a common home, and it further appears that each contributed one-half of the cost of the furniture, fixtures and household goods with which their joint home was equipped. The confidential relation between the father and daughter, as well as the circumstances, all tend to show that each owned one-half of the property. While the title was placed in the daughter, enough was shown to raise a trust by implication. It is urged that such a trust concerning the real estate was not created because it was not in writing, signed by the plaintiff, citing R. S. 67-401. That provision, however, excepts such trusts as may arise by implication of law, and as we have seen the confidential relation of the parties and the circumstances unite in showing that it was the intention of the parties to create a trust, that there was an obligation on plaintiff to hold the property for the benefit of both, and under the circumstances it would be inequitable for the plaintiff, in whom the legal title was placed, to hold the property as against the joint owner, her father. That trusts of this character may arise by implication of law, see *Silver v. Howard,* 106 Kan. 762, 190 Pac. 1, and other authorities there cited.

Error is assigned on the refusal of the court to find that a trust agreement had been made between the parties in settlement of their controversy. It appears that at one time when there was a dispute between the government and these parties as to the amount of tax due and by whom it should be paid, it being contended by plaintiff that the officer tried to make her pay a tax on all of the proceeds of the royalty sales, there was a suggestion that a compromise and adjustment of property interests be made so that their interests and rights might be definitely declared and understood. What was called a trust agreement was drawn up, but when it was presented to defendant he positively refused to sign the proposed agreement. Defendant testified that he had nothing to do with the proposed agreement, and it is conceded that he refused to sign it. Whatever the statements of the parties may have been respecting the proposed compromise, it did not culminate in an agreement, and hence the

Thomas v. Connecticut Mutual Life Ins. Co.

court did not err in refusing to find that one had been made. The disputed facts must be regarded as settled by the findings of the trial court, and we see no good reason to set aside its findings or its conclusions.

The judgment is affirmed.