No. 27,668.

C. S. MacLORINAN and FRED PERKINS, *Appellees,* v. H. C. FINLEY et al., *Appellants.*

(261 Pac. 587.)

SYLLABUS BY THE COURT.

1. DEEDS—*Construction—Warranty Deed and Instrument Reconveying Oil and Gas Rights to Vendor Construed Together.* In an action to quiet title to the gas and oil rights in a half section of land, the record examined and held to justify a judgment that a deed of general warranty conveying the premises to the grantee, and the instrument executed by the grantee reconveying to the vendor all the oil and gas rights in the premises, were properly construed as complementary and reciprocal parts of a single transaction having their inception in a written contract for the sale of the property but reserving the oil and gas rights therein to the vendor.

2. EVIDENCE—*Parol Evidence Affecting Writing—Limitations to Rule—Consideration.* The rule that parol testimony or other extraneous evidence may not be admitted to alter, impair or impeach a written instrument has no application to the matter of the consideration for which the instrument was executed when that question is properly of justiciable concern.

Contracts, 13 C. J. p. 528 n. 50. Deeds, 18 C. J. p. 268 n. 49. Evidence, 22 C. J. pp. 1157 n. 53, 1162 n. 67; 17 L. R. A. 274; 25 L. R. A. n. s. 1197; 10 R. C. L. 1042. Mines and Minerals, 40 C. J. p. 970 n. 85.

3. Vendor and Purchaser—*Reservation of Oil and Gas Rights—Reconveying by Separate Instrument After Giving Warranty Deed.* Plaintiff agreed to sell and defendant agreed to buy 320 acres of land for $25 per acre, the plaintiff reserving to himself the gas and oil rights in the premises. This agreement was in writing and signed by the parties. Pursuant thereto but to suit the purposes of defendant, plaintiff executed to defendant's wife a deed of general warranty without reservations of any sort, and defendant and wife reconveyed to plaintiff the oil and gas rights in a separate instrument dated and executed a few days after the execution of plaintiff's deed to defendants. *Held,* that plaintiff's oil and gas rights in the premises were unassailable and his title thereto was properly quieted against defendants.

Appeal from Labette district court; William D. Atkinson, judge. Opinion filed December 10, 1927. Affirmed.

*J. A. Brady,* of Cherryvale, for the appellants.

*A. D. Neale,* of Chetopa, and *Eben L. Taylor,* of Tulsa, Okla., for the appellees.

The opinion of the court was delivered by

Dawson, J.: This was an action to quiet title to the oil and gas rights in a half section of land.

The main facts were these: On January 22, 1917, the north half of section 2, township 33 south, range 17 east, in Labette county, was owned by the Oswego Land and Cattle Company. The plaintiff, Fred Perkins, was the principal stockholder of that company. On that date it executed an oil and gas lease of the property to Mattes Brothers, of Joplin, Mo., on usual terms, needless to repeat.

Sometime prior to January 25, 1919, Perkins acquired the title of the Oswego Land and Cattle Company, and negotiations for its purchase were begun by the defendant, H. C. Finley. Some oil was then being produced on the property under the lease held by Mattes Brothers. Perkins offered to sell the half section outright for $35 per acre, or for $25 per acre but reserving the oil and gas rights to himself. Finley decided to buy on the latter terms, and January 25, 1919, a written contract to that effect was executed by Perkins and Finley. After stating other details of the agreement, the contract provided:

"Fred Perkins reserves all oil and gas rights and rights to lay pipes and do all other things necessary to the production and shipment of oil and gas, according to the terms of a commercial lease."

Pursuant thereto, Perkins and wife executed a deed to the half section, specifically reserving the oil and gas rights. Defendants

MacLorinan v. Finley.

Finley and wife, after examining this deed, stated that they preferred to have the matter of the grantor's oil and gas rights embodied in a separate instrument. Perkins assented to that suggestion, and accordingly he and his wife made a deed of general warranty in favor of the defendant, Anna S. Finley, wife of H. C. Finley, and Finley and wife executed a separate instrument to Perkins granting to him "all the oil and gas" in and under the premises described, "subject to one certain oil and gas lease [that of Mattes Brothers] now of record."

Following the execution of these instruments, Finley and wife entered into possession of the property. A year or two later, the oil production having ceased, the Mattes Brothers' lease was surrendered to Fred Perkins for cancellation.

On February 18, 1926, Perkins leased the oil and gas rights of the premises to the plaintiff, C. S. MacLorinan, and within a few months thereafter MacLorinan brought in a gas-producing well. Finley and wife laid claim to the landlord's royalty as well as to a balance of royalties yet in the hands of the Prairie Oil and Gas Company, through which concern the oil and gas production of the property was being marketed.

These claims of defendants precipitated this lawsuit. On issues joined and the evidence adduced, the trial court made findings of fact and gave judgment for the plaintiffs, Perkins and his lessee, MacLorinan.

Finley and wife appeal. They rely on the unqualified recitals of their deed of general warranty from Perkins, and say that their reciprocal grant of the oil and gas rights to Perkins is void. In support of this somewhat unusual position, defendants invoke the rule which forbids the introduction of parol testimony or other extraneous facts or circumstances to qualify, impair, alter or impeach the plain and unequivocal terms of a written instrument. Their deed from Perkins, they say, contains an unqualified grant of every right and interest Perkins had in and to the premises described therein, and they ring the changes on the covenants of warranty. Such contention is well enough in its way, but here the warranty deed from Perkins to the Finleys was only a part of the writings which evidenced the contract of the parties. The complemental instrument executed reciprocally by the Finleys granting and confirming to Perkins the oil and gas rights was just as much a part of the same contract and just as immune from impairment, alteration or im-

peachment as the deed from Perkins on which the defendants so confidently rely. The written agreement for the purchase and sale of the half section, and the Perkins deed to Mrs. Finley, and the reconveyance of the gas and oil rights to Perkins should be considered as integral parts of a single transaction so far as determining the respective interests of the parties in this land is concerned. All this is settled law. (*Windmill Co. v. Piercy*, 41 Kan. 763, syl. ¶ 3, 21 Pac. 793; *Kurt v. Lanyon*, 72 Kan. 60, 82 Pac. 459; *Insurance Co. v. Hanks*, 83 Kan. 96, 110 Pac. 99; *Roseman v. Nienaber*, 100 Kan. 174, 166 Pac. 491; 13 C. J. 528-530.)

It is also well settled that the true consideration for a deed can be shown by parol or other evidence. (*Roseman v. Nienaber*, supra, syl. ¶ 2; *Shields v. Johnson*, 124 Kan. 155, 257 Pac. 926; 10 R. C. L. 1039-1044.) Nor does the fact that the complemental instruments do not in terms refer to each other detract from their significance as integral and related parts of one contract. (*Houck v. Frisbee*, 66 Mo. App. 16; *Advertising Co. v. Publishing Co.*, 146 Mo. App. 90; 13 C. J. 528.) And this is also true although the two or more instruments evidencing the different parts of a single transaction do not bear the same dates and were in fact executed on different dates (13 C. J. 529), although no presumption may be indulged that separate instruments of different dates executed by the same parties pertain to a single transaction. (*In re Miller's Estate*, 78 N. Y. Supp. 930.) Here the matter was not left to presumption. Abundant competent evidence was adduced to show that the contract for purchase and sale dated January 25, 1919, the deed of February 5, 1919, and the reconveyance of the oil and gas rights dated February 21, 1919, were all pertinent parts of a single transaction.

It is contended that the "lease" from the Finleys to Perkins was a nullity because at the time they executed that instrument they did not own the oil and gas rights. It is quite true that they did not then "own" the oil and gas rights. They never have owned them. They belonged to Perkins, subject to the prior lease in favor of Mattes Brothers, with which defendants have no concern. When pursuant to the arrangement of the parties for the sale of the land without the oil and gas rights to the Finleys, a deed of general warranty was executed by Perkins to Mrs. Finley, she, for the time being, and until the reciprocal instrument which defendants choose to denominate a "lease" was executed by them to Perkins, might

MacLorinan v. Finley.

conveniently be called the nominal title holder of the gas and oil rights, although Perkins never ceased to be the actual owner thereof.

It is also suggested that if the "lease" from the Finleys to Perkins ever had any validity, the rights of Perkins have been forfeited for his failure to develop the property. But, as we have seen, Perkins never parted with his oil and gas rights; his title thereto is as good as is defendants' title to the surface and all other rights and interests in the property not claimed or reserved by Perkins; and therefore it is no concern of defendants whether Perkins now or later shall develop the oil and gas which may lie beneath the surface of that half section of ground. Defendants designate their reconveyance of the oil and gas to Perkins as a "lease," and it is nominally labeled a "lease," but no relationship of lessor and lessee exists between the Finleys and Perkins. The instrument calls for no payment of rents or royalties to the Finleys. There is an unqualified grant to Perkins of "all the oil and gas in and under" the premises described. There are other details in the instrument touching the respective rights and duties of the parties, but nothing which qualifies the grant.

It is not pretended that the trial court's findings of fact, upon which its judgment was necessarily founded, lacked support in the evidence. Indeed, there was virtually no other evidence; nor is it pretended in this record that defendants' deed was based on any other consideration than that outlined in the written contract of purchase and sale executed by the parties on January 25, 1919. A quibble is raised because that contract was made between Perkins and H. C. Finley while the deed was made to Mrs. Finley. This is a specious discrepancy, indeed, but it suggests nothing of sufficient gravity to permit a manifestly righteous judgment to be disturbed.

The judgment is affirmed.