MARION G. HALE & others *vs.* EDMUND W. WHEELER & others.

Worcester.   September 25, 1928. — October 9, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Attorney at Law. Agency,* Scope of authority. *Ejectment. Execution. Scire Facias.*

No right of the plaintiff in an action in the Superior Court is infringed by a denial by a judge of a motion by the plaintiff to strike from a rule of reference of the action to an auditor the words, "findings of fact to be final," where it appears that, in open court and in the presence of the judge, the plaintiff by his counsel had agreed that the findings of fact by the auditor should be final.

An attorney at law has authority, by virtue of his employment as such, to agree that an action shall be referred to an auditor whose findings of facts shall be final.

Where counsel for the plaintiff in an action in the Superior Court has agreed that the action be referred to an auditor whose findings of fact should be final, it is proper to refuse a motion by the plaintiff that issues be framed for trial by jury.

A judgment creditor in a writ of possession of real estate is not bound to proceed by *scire facias* before taking out an alias execution, where it appears that there had been no complete satisfaction of the writ and that the judgment still was in force.

Expulsion of persons and property in a dwelling house by virtue of an alias execution issuing on a writ of possession, where no damage was inflicted upon the personal property set out from the house by any careless, negligent or unlawful act of the persons acting under the execution, no damage was caused to the persons expelled and no one was forcibly ejected from the premises, does not give a cause of action in tort.

TORT for forcibly ejecting the plaintiffs from a dwelling house.   Writ dated October 15, 1924.

Proceedings in the Superior Court before *Lummus, J.,* facts found by an auditor and appeals and exceptions by the plaintiffs are stated in the opinion.   Judgment was ordered for the defendants.

*J. J. Shaughnessey,* for the plaintiffs.

*R. B. Dodge,* (*A. T. Saunders* with him,) for the defendants.

WAIT, J.   The plaintiffs sue for damages resulting from the removal of themselves and their belongings from premises in Berlin.   The defendants justify under executions for possession issued by a district court in summary processes

for the recovery of land. The plaintiffs claimed trial to a jury by request indorsed upon their writ; but when the case was reached for trial in the Superior Court, their attorney agreed in open court that, with two other cases, it be referred to an auditor. Rule to the auditor issued on June 10, 1926, which set out "findings of facts to be final." On June 17, 1926, the plaintiffs moved that these words be stricken from the rule "because the plaintiffs do not agree that the findings of fact be final in said cases." The judge recited in his order denying the motion, that in open court and in his presence the plaintiffs, by their counsel, had agreed that the findings of fact should be final. The plaintiffs appealed from this order.

The auditor's report was filed on February 15, 1928, and, on the next day, the defendants moved for judgment in their favor in accord with the report. The plaintiffs filed a motion to recommit and requested that issues be framed to a jury and the case ordered to a trial on the merits. After hearing, the motion and request of the plaintiffs were denied and judgment for the defendants was ordered to be entered with costs. The plaintiffs appealed from the orders refusing recommittal and ordering judgment. They also present their bill of exceptions to the foregoing denials of their motions, and to the allowance of the order for judgment. The record transmitted sets out the report of the auditor.

We find no error in the record or in the matter excepted to.

In *Moulton* v. *Bowker*, 115 Mass. 36, 40, with ample citation of authority, Chief Justice Gray stated as the law that "An attorney-at-law has authority, by virtue of his employment as such, to do in behalf of his client all acts, in or out of court, necessary or incidental to the prosecution and management of the suit, and which affect the remedy only, and not the cause of action." It is manifest that no tribunal, where parties appear by attorney at law, could proceed safely or conveniently under any practice which permitted the party to disavow what has been done in his behalf in open court. The attorney may be liable to his client if he has acted to his prejudice without authority; but the orders of the court and the rights of the other parties cannot be affected.

The method of trial is a matter of the remedy and not of the cause of action. No right of the plaintiffs was infringed by the denial.

There was, of course, no error in denying the requests for issues and for trial to a jury, if the agreement that the auditor's findings of fact should be final was not set aside. No occasion for either existed.

There is no merit in the contention that the defendants were not justified by the writs under which they were acting. The defendants Wheeler and Sawyer were the purchasers at a foreclosure sale of lands in Berlin mortgaged by the plaintiff Nancy S. Hale and her husband (since deceased) by a deed recorded with Worcester deeds, book 2124, page 302. After the sale Nancy S. Hale with her children, the plaintiffs, George, Charles and Marion, continued in possession of the premises, occupying a house and barn upon one of the parcels included in the mortgage deed. One Clarissa Hastings, by what right does not appear, occupied a cottage house upon another parcel near that occupied by the Hales. Wheeler and Sawyer obtained judgment against the Hales for possession of the premises described in the foreclosure deed on December 29, 1923. They took out a writ of possession on January 8, 1924, which was not put in an officer's hands; an alias writ March 18, 1924, which was returned satisfied in part on July 1, 1924; and an alias writ on October 1, 1924. The sheriff returned on the alias of March 18 that he moved the personal property of the Hales from a portion of the premises described in the writ and delivered possession of that portion to Wheeler and Sawyer on July 1, 1924, and returned "this alias writ of possession satisfied so far as it has to do with the afore-described premises," i.e. with the premises described in the return.

On July 1, the Hales put their dispossessed property in the house and barn occupied by Hastings and thereafter by her invitation lived in the Hastings cottage. Thus they and their goods remained on a portion of the property described in the mortgage and in the judgment of December 29 against them for possession.

On August 29, 1924, Wheeler and Sawyer obtained judg-

ment for possession of "A house and shed attached situate . . . in said Berlin." These premises were, in fact, the portion of the mortgaged premises then occupied by Hastings and the Hales. They took out a writ of possession on September 18 which they returned unsatisfied, never having been in the hands of an officer. On October 1 they placed an alias execution for possession under the judgment against the Hales of December 29, 1923, and an alias execution for possession under the judgment against Hastings of August 29, 1924, in the hands of the defendant officer. He, thereupon, removed the personal property from the Hastings house, and delivered possession to Wheeler and Sawyer, returning, on the second writ, removal of personal property of Hastings and delivery of the premises described in the writ in full satisfaction; and returning, on the first writ, removal of personal property of the Hales from "the house and shed attached . . . in Berlin," delivery of possession of the aforesaid premises, and return of "this alias writ of possession satisfied so far as it has to do with the afore-described premises."

The judgment creditors entitled to possession were not bound to proceed by *scire facias* before taking out the alias executions. There had been no complete satisfaction. The judgments were in full force. They were not in need of any further judgment or determination before being entitled to a new execution. G. L. c. 235, §§ 4, 11, 17, 19, 20. See *Habib* v. *Evans*, 222 Mass. 480.

The occupation by the Hales under Hastings was not by virtue of any title acquired by or from her.

The auditor has found that no damage was inflicted upon the personal property set out from the buildings by any careless, negligent or unlawful act of the defendants, and that no damage was caused to the plaintiffs personally. No one was ejected forcibly from the premises.

In these circumstances no right to recovery existed in any of the plaintiffs, and the judge was right in ordering judgment for the defendants with costs. It follows that the entry must be

*Orders affirmed.    Exceptions overruled.*