No. 35,086

In re Estate of Olive B. Swisher, Deceased (JOEL C. SWISHER et al., *Appellees,* v. WILLIAM S. McMAIN, *Appellant*).

(110 P. 2d 765)

Opinion filed March 8, 1941.

*Dale M. Bryant, Austin M. Cowan* and *Morris H. Cundiff,* all of Wichita, for the appellant.

*Dempster O. Potts, Robert C. Foulston* and *Lester L. Morris,* all of Wichita, for appellees Joel C. Swisher and Dallas M. Potts, executor, etc.; *C. A. Matson,*

*I. H. Stearns* and *E. P. Villepigue,* all of Wichita, for appellees Mrs. G. G. Greenamyer and Dorothy Greenamyer.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment of the district court which sustained an order of the probate court admitting a will to probate over the objections of the heir at law.

The pertinent facts were these: The late Mrs. Olive B. Swisher, of Wichita, a widow whose sole heir was her only brother, William S. McMain, of North Kansas City, Mo., employed the law firm of Dempster O. Potts and Dallas M. Potts, father and son, to draw her will, which is the subject of this lawsuit. Its principal terms read:

"I, Olive B. Swisher, of Wichita, Sedgwick county, Kansas, being of lawful age and sound mind and memory, do hereby make, publish and declare this my last will and testament; hereby revoking any and all former wills, testaments and codicils that I may at any time have made.

.    .    .    .    .    .    .    .    .    .    .    .    . .    [ . ]    [ . ]

"SECOND

"I will, devise and bequeath to my brother Will McMains the sum of two thousand five hundred dollars ($2,500).

"THIRD

"I will, devise and bequeath to my friend Dorothy Greenamyer the sum of five hundred dollars ($500).

"FOURTH

"I will, devise and bequeath to my friend Mrs. G. G. Greenamyer the sum of five hundred dollars ($500), and all articles of household furniture, including linens, silverware and pictures.

"FIFTH

"I will, devise and bequeath to my step-son Joel Swisher all of the remainder of my property, whether real, personal or mixed, of every kind and character whatsoever, and whatever [wherever] the same may be situated.

"SIXTH

"I designate and appoint Dallas M. Potts, of Wichita, Kansas, as executor of this my last will and testament."

Dated, signed and witnessed December 10, 1937.

Mrs. Swisher left this will in the custody of the attorneys who drew it, and died in less than two months thereafter, on February 2, 1938.

Instead of offering for probate this will which was in his possession and without giving the probate court any intimation of its existence, on February 8, 1938, Dallas M. Potts filed for probate a purported

"joint last will and testament" of Charles R. Swisher and Olive B. Swisher, husband and wife, dated April 7, 1920, and signed by Charles R. Swisher and Olive B. Swisher, and witnessed on April 9, 1920, by Dempster O. Potts and another. By its terms, if Olive B. Swisher should survive her husband, his estate was devised to her without restrictions, but providing that—

"If there shall remain in her hands any of the estate coming to her under this will, including rents, profits and increase, we mutually will and bequeath the same to the said Joel Swisher, to have and hold the same to his exclusive use and benefit."

Charles R. Swisher died on June 21, 1926, but the foregoing will of 1920 was never offered for probate in the administration of his estate. It had been in the possession and control of Olive B. Swisher and her stepson for a number of years (for more than three years next prior to February 2, 1938).

On the petition of Dallas M. Potts, this instrument of 1920 was admitted to probate as the last will of Olive B. Swisher, and its proponent was appointed and qualified as administrator of her estate, with the purported will of 1920 annexed. This appellant William S. McMain, brother and sole heir at law of Olive B. Swisher, was unaware of the existence of the will which his sister had made a few weeks before her death. Two of the beneficiaries of that will, however, Dorothy Greenamyer and Mrs. G. G. Greenamyer, had been informed by Mrs. Swisher herself that she had made her will and had bequests in it in their behalf. This feature of the case will be further developed later in this opinion.

The estate in controversy consisted of a house and parcel of ground in Toronto, Kan., valued at $1,000, and about $9,000 in government bonds, cash, and insurance policies. Dallas M. Potts gave a bond in the sum of $2,000 for his faithful administration of the estate. Shortly thereafter Mrs. Greenamyer inquired of him about the bequests Mrs. Swisher had made for her and her daughter. She testified by deposition that Potts told her that it (the will he had drawn in December, 1937) "wasn't any good, it wouldn't stand." Mrs. Greenamyer asked to see that will, but he refused to show it to her. Her deposition continued:

"My husband came home one day and said that Dallas (Potts) told him if he would sign this [receipt] for a thousand dollars for services for taking care of her, that that wouldn't—that we would get the money that was intended for us just the same whether it was in the will or not.

"Q. And you got the $1,000 for it? A. Yes. That is the only reason we signed it—I will be frank. That is the only reason I signed. Of course, he told me I wouldn't get any money anyway unless I did take that."

Dorothy Greenamyer testified that she went to Dallas Potts' office with her mother (Mrs. G. G. Greenamyer) and asked to see the will of December, 1937, and that he refused to show it to her.

About the time Mrs. Greenamyer and her daughter were inquiring about the will of December, 1937, in which Mrs. Swisher had made bequests in their behalf and about which the testatrix had informed them, Mr. Greenamyer filed a demand against the estate of Mrs. Swisher for an "amount agreed upon and the wish of the deceased, . . . in payment of services rendered deceased by claimant, in nursing and general care during last illness of deceased, $1,000." The date when this claim was presented is not shown, but it was verified on February 12, 1938, and endorsed thereon are the following:

"I consent that $1,000 be allowed on claim.
                         (Signed)    DALLAS M. POTTS, *Administrator.*
"One thousand dollars allowed on this 17th day of March, 1938.
"Filed March 17, 1938.    (Signed)    CLYDE M. HUDSON, *Probate Judge."*

This was followed on April 25, 1938, with a formal order of the probate court reciting that—"The court after investigating the records and being fully advised in the matter, finds that the demand of the said G. G. Greenamyer against said estate in the sum of one thousand dollars was heard and allowed on the 17th day of March, 1938," and directing that the $1,000 be paid. Potts, the administrator, had already taken receipts from G. G. Greenamyer and his wife and daughter for the payment of this claim and for any and all other claims of the Greenamyer family against Mrs. Swisher's estate. These read:

"RELEASE

"For and in consideration of one thousand dollars, the receipt of which is hereby acknowledged, we, the undersigned, hereby release the estate of Olive B. Swisher from any and all claims that we may now have or may have had against said estate.                    (Signed)   MRS. G. G. GREENAMYER,
                                 (Signed)   G. G. GREENAMYER."

[Dated and verified by both signatories April 6, 1938.]

"RELEASE

"For and in consideration of one thousand dollars, the receipt of which is hereby acknowledged, I, Dorothy Greenamyer, the undersigned, hereby release

the estate of Olive B. Swisher from any and all claims I may now have or may have had against said estate.     (Signed)   DOROTHY GREENAMYER."

[Dated and verified April 9, 1938.]

Some time later, date not shown, an action in the district court of Sedgwick county arose between William S. McMain as plaintiff, and Dallas M. Potts, administrator, and Joel C. Swisher as defendants, setting up a copy of the purported will of 1920 under which the estate was being administered, and alleging its invalidity and praying for a construction thereof, and for an adjudication of plaintiff's interest in the estate as sole heir at law.

Dallas M. Potts as administrator and Joel C. Swisher, by their attorney, Dempster O. Potts, joined issues by answer and claimed for Joel C. Swisher the entire estate under the will of 1920, alleging that such will had been duly filed and probated by the probate judge of Sedgwick county. The trial court gave judgment in favor of plaintiff, William S. McMain, holding that since the will of 1920 had been in the power and control of Mrs. Olive B. Swisher and her stepson Joel Swisher for more than three years and had not been offered for probate within that time after the death of Charles R. Swisher (who died in 1926), it was altogether inoperative (under G. S. 1935, 22-233) either as to Mrs. Swisher or to Joel C. Swisher, and that no legal effect could be given to the instrument as a will of Olive B. Swisher, and that Joel C. Swisher took nothing under its terms. This judgment was rendered on May 9, 1939, and was not appealed.

On July 11, 1939, Dallas M. Potts appeared in the probate court of Sedgwick county and offered for probate the will of Olive B. Swisher, dated December 10, 1937, set out above. On the same day that court ordered that said will should be administered under the probate law as it existed prior to July 1, 1939. On the same day, Dallas M. Potts filed a petition to probate Mrs. Swisher's will, and later on July 25, 1939, a lengthy amended petition, reciting various matters of fact narrated above, and seeking to excuse himself and Joel C. Swisher for the suppression of the belatedly proffered will on the ground that he considered the will of Charles R. Swisher and Olive B. Swisher of 1920 to be contractual and legal, and that the subsequent will of Olive B. Swisher (which he himself had drawn and of which he had the custody) "while valid in itself, would not convey any property," and that Joel C. Swisher "did not have any knowledge whatever that said will had not been filed, and

did not know that the same was being withheld." The petitioner alleged that the "filing, probating and administration of the will" was not feasible, and would work an injustice if not governed by the probate law as it had existed prior to the enactment of the Probate Code which took effect on July 1, 1939.

Objections to the admission of the will to probate were filed by William S. McMain, in which he narrated at length the probate of the will of 1920, which Dallas M. Potts had received from the custody of Joel C. Swisher and had probated as the last will and testament of Mrs. Olive B. Swisher, and that the said Potts had entered upon the administration of Mrs. Swisher's estate with the will of 1920 annexed, and that thereafter he, McMain, had filed an action in the district court against Dallas M. Potts and Joel C. Swisher, for a construction of the will of 1920; and that Dallas M. Potts as administrator and Joel C. Swisher, and Dempster O. Potts as their attorney had defended against that action, and had endeavored therein—

"To get the court to construe and interpret said will [of 1920] so that the said Joel C. Swisher would get the whole of the said Olive B. Swisher's estate and that they failed in such an attempt, the court holding as hereinbefore stated, that Joel C. Swisher take nothing under the will of Olive B. Swisher, and that the will was ineffective to pass title to Joel C. Swisher."

McMain further alleged that without his knowledge or consent Dallas M. Potts had taken charge and control of the estate of Olive B. Swisher, and was appointed to administer it; and that he, McMain, the sole heir at law, had no knowledge of the affairs, property or possessions of his deceased sister except what could be gleaned from the pleadings and instruments filed by Dallas M. Potts, and that he relied upon their truthfulness, and that it was to obtain a proper construction of the purported will of 1920 that he brought the action which he had successfully prosecuted to final judgment in the district court; and that the defendants Dallas M. Potts and Joel C. Swisher having thus failed to obtain the whole of his deceased sister's estate under the will of 1920, were now attempting to evade the consequence of the judgment of the district court; and that it was in his (McMain's) reliance on the pleadings and instruments filed by Dallas M. Potts that he incurred costs and expense of time and effort to maintain his action for a construction of the purported will of 1920. McMain further alleged that the aforesaid doings of Dallas M. Potts and Joel C. Swisher were done for the purpose of defrauding William S. McMain and other in-

terested parties, and were committed for the purpose of deceiving and misleading the court and getting it to probate the will of 1920, "while said parties were withholding, and had in their care, custody and control" the will of Mrs. Swisher of subsequent date.

In an amendment to his objections to the petition to file Mrs. Swisher's will of December, 1937, McMain further objected—

"1. That Dempster O. Potts and Dallas M. Potts were the attorneys and agents of said Joel C. Swisher at all times subsequent to the death of Olive B. Swisher, and at the time the action was filed in the district court of Sedgwick county, Kansas, entitled *William S. McMain v. Dallas M. Potts, Administrator of Will Annexed, and Joel C. Swisher*, . . .

"2. That the will dated December 10, 1937, was not offered for probate within one year after the death of the testator as required by R. S. 59-617 (1939 Supp. Statutes of Kansas) and is therefore not entitled to probate."

In view of these objections, much summarized, McMain prayed that Dallas M. Potts and Joel C. Swisher be adjudged estopped to probate the will of Mrs. Swisher.

Mrs. G. G. Greenamyer and Dorothy Greenamyer were impleaded and filed an answer to McMain's objections to the belated petition to probate Mrs. Swisher's will of December, 1937, and asserting their respective interests by the bequests made therein to them.

McMain filed a lengthy reply to the answer of Mrs. Greenamyer and her daughter, and alleged that they did know of the will of December, 1937, and that the same was being withheld from probate and that administration was being made of Mrs. Swisher's estate under a will which they knew was not the last will and testament of Mrs. Swisher, and that they had made a settlement with Dallas M. Potts, administrator, of any and all rights they had against her estate, as evidenced by the releases they had executed and verified and which were on file in the probate court; and that pursuant to such releases and settlement they had received $1,000, and that they allowed William S. McMain to incur costs and expenses to obtain a construction of the will of 1920 without revealing to him the existence of the will of 1937. McMain further replied that while the litigation over the construction of the will of 1920 was pending he did not know—

"That Dorothy Greenamyer and Mrs. G. G. Greenamyer had made a settlement with Dallas M. Potts, administrator with will annexed, of the estate of Olive B. Swisher, deceased, . . . and by reason of the foregoing, said Dorothy Greenamyer and Mrs. G. G. Greenamyer are now estopped from having said will dated December 10, 1937, admitted to probate and from taking the legacies or bequests provided for them in said will."

Upon these issues and evidence thereon, the probate court held that the will of December, 1937, should be admitted to probate; that Dallas M. Potts should give bond as executor in the sum of $11,000; that he as administrator under his appointment of February 8, 1938, should turn over to himself as executor under Mrs. Swisher's will of December 10, 1937, all the remaining assets of the estate; and that there should be struck from the records and files the releases Mr. and Mrs. Greenamyer and their daughter had executed and verified for the $1,000 paid to them by Dallas M. Potts according to the recitals thereof.

From this judgment the cause was taken on appeal to the district court where the complicated matters set out above were again developed at length—by record evidence, by depositions, and by oral testimony and admissions of counsel. At the conclusion of the trial a demurrer on behalf of Joel C. Swisher, Dallas M. Potts, executor, Mrs. G. G. Greenamyer and Dorothy Greenamyer was interposed to the evidence of McMain, appellant. This demurrer was sustained and judgment was rendered accordingly.

Hence this appeal.

Under his formal assignment of errors, appellant presses three main points to justify and require a reversal of the judgment: (1) Mrs. Swisher's will of December 10, 1937, was ineffectual to pass her estate because no application was made to probate it within one year after her death; (2) the imposition of burden of proof on the appellant which properly rested on appellees; and (3) the proponent of the will and the other appellees were estopped by their conduct as shown by the antecedent proceedings, and by their concealment from the probate court and from the appellant of the existence of Mrs. Swisher's will during the long period (from February 8, 1938, until July 11, 1939) when her estate was being administered in accordance with the worthless will of 1920 and while appellant was being put to expense of time and effort to secure an adjudication of its nullity.

Manifestly the legal and equitable questions involved in the third point urged against the judgment justify our giving them our first consideration.

The defendant Dallas M. Potts had in his possession the will which he or his father, Dempster O. Potts, his associate in the law firm of Potts and Potts, had drawn for Mrs. Swisher on December 10, 1937. He knew he was named as executor of that will. Demp-

·ster O. Potts and Dallas M. Potts were the attorneys for Joel C. Swisher in all matters pertaining to his stepmother's estate. By their procurement of its administration under the long neglected joint will of Charles Swisher and wife of 1920, their client Joel C. Swisher would obtain the entire estate of Mrs. Swisher, whereas if her will executed about two months before her death was probated their client's interest in her estate would be diminished by the $2,500 bequest in favor of her brother, William S. McMain, and by bequests of $500 each to Mrs. G. G. Greenamyer and her daughter.

Hence the suppression of the bona fide will of Mrs. Swisher. It would serve no purpose to use mordacious adjectives or adverbs to characterize such a course of conduct towards the probate court, and towards William S. McMain and Mrs. G. G. Greenamyer and her daughter, who were beneficiaries under the will. The wrong thus done towards McMain was further aggravated by putting him to the expenses of a lawsuit to get rid of the worthless instrument of 1920 under which Joel C. Swisher's attorneys strove to secure the entire estate for him. ·

Now the question is whether Joel C. Swisher is estopped to have his stepmother's will probated and to succeed to the estate thereunder.

The law is entirely clear that on principle and on precedent a client is bound by the acts and conduct of his attorneys except where he takes timely steps to repudiate them by showing their want of authority to act in his behalf. In our early case of *Esley v. People of Illinois,* 23 Kan. 510, it was held:

"Where an attorney at law makes an appearance in a court to prosecute or defend a party, it will be presumed, in the absence of anything to the contrary, that he has full right, power and authority to make such appearance." (Syl. ¶ 3.)

In one of the notable *Overlander* cases which cluttered the dockets of this court for years, where a litigant sought to avoid the binding force of the same rule, it was said:

"When a party appears in an action by his attorney who conducts proceedings in his behalf, his authority to act in behalf of his client is presumed, in the absence of any showing to the contrary, and his acts bind his client. (*Lamme v. Schilling,* 25 Kan. 92; *Kerr v. Reece,* 27 Kan. 469; *O'Flanagan v. Case,* 41 Kan. 183, 21 Pac. 96.) If the acts of his attorney in ·the taking of the order were unauthorized, then does it not seem ridiculous that . . . [such client] . . . would now have the same attorney appearing for him in this action?" (*Overlander v. Overlander,* 129 Kan. 709, 712, 284 Pac. 614.)

In *Hale v. Wheeler*, 264 Mass. 592, 163 N. E. 178, 179, it was said:

"It is manifest that no tribunal, where parties appear by attorney at law, could proceed safely or conveniently under any practice which permitted the party to disavow what has been done in his behalf in open court. The attorney may be liable to his client if he has acted to his prejudice without authority; but the orders of the court and the rights of the other parties cannot be affected." (p. 593.)

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

See, also, 6 C. J. 637-638; 7 C. J. S. 898-899.

It may be remarked that if the rule just stated were ignored there would seldom be any assurance of finality in litigation. All the losing litigant would need to do would be to change attorneys, repudiate what they had done in his behalf, shift his ground of action or defense and continue to vex his adversary with further litigation.

When Joel C. Swisher was defeated in the litigation over the construction of the will of 1920 under which his attorneys, Potts and Potts, sought to procure for him the whole of his stepmother's estate, and where they, acting in his behalf, concealed from the court and from their adversary, William S. McMain, the existence of and their possession of the bona fide will of Mrs. Swisher, Joel C. Swisher was thereby estopped to have the later will probated or to claim any rights under it. Thus in *Conzet v. Hibben*, 272 Ill. 508, 112 N. E. 305, Ann. Cas. 1918A, 1197, it was held that the heirs and beneficiaries in proceedings for the probate of a will were estopped to ask for the probate of a later will, without a showing that their consent to the prior proceedings was procured by mistake or fraud. In the same case it was also held that any steps to probate the later will, if otherwise maintainable, would have to be taken by supplementary proceedings in the original case and not by independent proceedings in another action.

This rule of equitable estoppel is one of general application. In *Lillard v. Johnson County*, 102 Kan. 822, 172 Pac. 518, a county warrant was drawn to pay condemnation money for land taken for a public road. Instead of demanding its delivery, the landowner submitted to the county board the question whether he or his vendee of the land was entitled to such warrant, stating that he felt "sure that when the facts are known by you, that no better tribunal can be found to decide our relative rights than your Honorable Body." Thereafter the vendee appeared before the board, and upon his showing the warrant was delivered to him. Later the vendor sued

the board to recover the amount and value of the warrant. This court affirmed the trial court's judgment that the vendor was estopped, saying:

"Under the circumstances shown, the [vendor] estopped himself by his own conduct to acquire the relief which the executors demand in this case. One who submits a matter to . . . [an] arbitrator, and takes the chances of a favorable decision, cannot, after the award, raise the question of incompetency . . . The doctrine of estoppel requires consistency of conduct . . . (*Stark v. Meriwether,* 99 Kan. 650, 657, 163 Pac. 152.)" (p. 825.)

. . . . . . . . . . . . . . . .

In *Hutchings v. Railway Co.,* 98 Kan. 225, 158 Pac. 62, the action was to recover moneys advanced by plaintiff on certain bills of lading issued by the defendant railroad company. From an adverse ruling on the pleadings in the trial court the railway company appealed and procured a reversal of the judgment. In further proceedings in the district court, plaintiff filed a reply and general denial to the railway company's answer. The railway company's demurrer was sustained, and back came the case to this court and we reversed that ruling. On its second return to the district court, the railway company raised a new question—that the case was governed by federal law, whereas in the earlier steps of the litigation it had contended that the bills of lading which were made in Missouri were governed by Missouri law. On the third appearance of the case in this court, we said:

"Having been defeated on the theory of the litigation which it proposed and which it induced this court to accept, the defendant is in no position to ask this court to adopt a new theory according to which the propriety of the judgment shall be tested. It is estopped by its pleading and by the adjudications of this court in its favor based on that pleading." (p. 227.)

. . . . . . . . . . . . . . .

In *Roseman v. Nienaber,* 100 Kan. 174, 166 Pac. 491; id., 101 Kan. 260, 166 Pac. 491, plaintiff's action was for the recovery of a $2,500 bequest in her father's will and involved certain details of a family compact. From an adverse ruling below the court ordered judgment in favor of plaintiff. Defendant filed a motion for a rehearing and presented certain new facts not theretofore in the record, which prompted this court to say:

"The facts were all known to the defendant at the time the action was commenced, and were not presented to the district court by pleading, evidence, or other means. It is now too late to shift the grounds of defense.

. . . . . . . . . . . . . . .

"The defendant was afforded full opportunity for a fair trial, and should

have disclosed to the district court, by way of answer, his true situation. He cannot be permitted to take a sporting chance at beating the plaintiff at her own game, sit by until the case has been finally disposed of by this court, and then spring a defense which would necessitate amending the answer and beginning all over again." (101 Kan. 260.)

The same rule applies not only in successive steps in the same lawsuit, but in a series of litigation involving the same general subject matter. (*Winkler v. Korzuszkiewicz* (Shusky), 117 Kan. 261, 231 Pac. 46; *Royal Ins. Co. v. Stewart*, 190 Ind. 444, 129 N. E. 853; *Burch v. Grace Street Bldg. Corp.*, 168 Va. 329, 191 S. E. 672 and citations; *Lyric Theatre Corp. v. Vaughan*, 168 Va. 595, 191 S. E. 600.)

The court holds that under the circumstances disclosed, the withholding of Mrs. Swisher's will of December, 1937, and the concealment of its existence while the attempt was made to get the whole of her estate through the abortive will of 1920, the principal defendant, Joel C. Swisher, and Dallas M. Potts, administrator, were barred and estopped to have Mrs. Swisher's will of December, 1937, probated; and the objections of William S. McMahin, heir at law, to its probate were good and should have been sustained in the probate court and in the district court.

Turning next to the contention of Mrs. Greenamyer and her daughter that they, at least, were entitled to have Mrs. Swisher's will of December, 1937, probated, since they were named beneficiaries under its terms. But both Mrs. Greenamyer and her daughter executed releases to all claims they had against Mrs. Swisher's estate, and they both swore to the truth of the matters recited in those releases, and those releases were filed in the probate court. Moreover, Mrs. Greenamyer testified about the arrangement made with the administrator whereby her husband was to file a groundless claim against the estate of Mrs. Swisher for $1,000, as the equivalent of the aggregate of the monetary bequests in the suppressed will in behalf of herself and daughter, and the absurd form of claim made pursuant thereto—"Amount agreed upon and the wish of the deceased," $1,000—and the administrator's ready consent to its allowance, as well as its complacent allowance by the probate court without evidence or inquiry, these facts were evidentiary incidents of potent significance corroborating the testimony of Mrs. Greenamyer. True, some weeks after the $1,000 claim was allowed by the probate court, and some two weeks after the ad-

ministrator had paid the money and had the Greenamyer family's verified receipts therefor, the court made an order dated April 25, 1938, that "after investigating the records and being fully advised" [the court] *finds that it had heard and allowed the claim on March 17, 1938!* Mrs. Greenamyer's testimony was given by deposition, and thus it becomes this court's own responsibility to adjudge the credence which should be given to it. Our usual rule of giving deference to the credence given in the trial court to oral testimony does not apply. (*Lytle v. Wade,* 129 Kan. 671, 284 Pac. 411; *Protheroe v. Davies,* 149 Kan. 720, 732, 89 P. 2d 890.) We do not overlook the fact that the court struck the verified releases of Mrs. Greenamyer and her daughter from the files, but that order was ill-advised, and the ground given for the order was wholly untenable. It read:

"That from examination of the records and files in this cause and the evidence adduced the motion of the movants, Dorothy Greenamyer and Mrs. G. G. Greenamyer, should be, and the same is hereby approved. . . . [and] . . . should be allowed; that said release executed by Dorothy Greenamyer . . . and filed herein . . . and the release executed by Mrs. G. G. Greenamyer and G. G. Greenamyer . . . and filed herein . . . be set aside and held for naught insofar as said releases in any manner release said parties from any claim that they may or now have as legatees under the last will and testament of Olive B. Swisher, deceased, dated December 10, 1937."

In our opinion the only proper order justifiable by the "records and files and evidence" was one overruling the motion of the Greenamyers, with its unavoidable consequence that they no longer have any claim against the estate of Mrs. Swisher by virtue of her suppressed will or otherwise.

In view of the foregoing conclusions which we have been impelled to reach it is unnecessary to pass on the question whether Mrs. Swisher's will would have been entitled to probate if no question of equitable estoppel had been involved, seeing that it was not offered for probate within one year after the death of Mrs. Swisher (G. S. 1939 Supp. 59-617), as provided by the new probate code, approved March 25, 1939, and effective July 1, 1939 (Laws 1939, ch. 180; G. S. 1939 Supp., ch. 59).

The judgment of the district court is reversed and the cause remanded to the district court with instructions to order the probate court to set aside its order probating the will of Mrs. Olive B. Swisher of the date of December 10, 1937, and to deny the probate thereof. It is so ordered.