No. 27,087.

G. A. TONG, *Appellant,* v. W. D. McARTHUR, *Appellee.*

SYLLABUS BY THE COURT.

1. CONTRACTS—*Agreement in Restraint of Trade—Ancillary to Contract of Sale.* A contract not to engage in a business, in a certain vicinity for a limited time, is ancillary to a contract for the sale of such business. It can have no validity if made alone.

2. EVIDENCE—*Contemporaneous Oral Agreement to Vary Writing—Agreement in Restraint of Trade.* When a contract for the sale of a business is in writing, parol testimony of a contemporaneous oral contract that the seller will not engage in such business in the vicinity within a fixed time, cannot be received.

Appeal from Sedgwick district court, division No. 1; J. EVERETT ALEXANDER, judge. Opinion filed November 6, 1926. Affirmed.

*Willard M. Glasco, Francis W. Prosser* and *J. M. Burris,* all of Wichita, for the appellant.

*Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin* and *Sidney L. Foulston,* all of Wichita, for the appellee.

Contracts, 13 C. J. p. 477 n. 89; 24 L. R. A. n. s. 926; L. R. A. 1916C, 629; 6 R. C. L. 791. Evidence, 22 C. J. pp. 1120 n. 89, 1258 n. 87; 10 R. C. L. 1036 *et seq.*

Tong v. McArthur.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages resulting from the violation, and to enjoin the further violation, of an alleged parol agreement in restraint of trade. The trial court sustained defendant's motion for judgment upon the pleadings and the opening statement of counsel. Plaintiff has appealed.

Plaintiff alleged that he and defendant owned jointly a certain barber shop; that "plaintiff purchased from defendant a one-half interest in said barber shop for $1,250; that at the time . . . and as a part consideration for the money paid . . . defendant agreed orally with this plaintiff that he would never, so long as this plaintiff owned and operated the above-named barber shop, go into the barber business or barber trade in any way in the vicinity of the shop above described;" and further alleged that the sum paid was greatly in excess of the fair and reasonable value of the fixtures and equipment, and "that the additional amount paid by this plaintiff to the said defendant for the barber shop was for the business and the good will of the barber shop." There were further allegations of the violation of the agreement not to engage in business in that vicinity and of damages resulting therefrom.

The answer admitted the sale of the one-half interest in the barber shop to plaintiff, but specifically denied that defendant at any time agreed not to go into the barber business or work at his trade, as alleged in plaintiff's petition. There was a further plea of the statute of frauds. The reply was a general denial. In the opening statement of counsel, which followed in the main the allegations of the pleading, it was admitted that when plaintiff purchased defendant's interest in the barber shop the same was evidenced by the following written bill of sale:

"Know all Men by These Presents, That in consideration of twelve hundred fifty and no/100ths dollars, the receipt of which is hereby acknowledged, do grant, sell, transfer and deliver unto G. A. Tong, Wichita, Kan., his heirs, executors, administrators and assigns, the following goods and chattels, viz.: The undivided one-half interest in and to three Koch white enamel hydraulic barber chairs, three combination white enamel barber wall cases, one National cash register, two electric clippers, all plumbing and equipment, barber pole, chairs, desks, and all other personal property of the College Hill Barber Shop, located at 3060 East Douglas, Wichita, Kansas.

"To have and to hold, all and singular, the said goods and chattels forever. And the said grantor hereby covenant with the said grantee that they are the lawful owner of said goods and chattels; that they are free from all incum-

brances; that they have good right to sell the same as aforesaid, and that they will warrant and defend the same against the lawful claims and demands of all persons whomsoever.

"In Testimony Whereof, The said grantor have hereunto set their hands this 25th day of March, A. D. 1924.          (Signed)   WILL McARTHUR."

In rendering judgment for defendant the court in effect held that in view of the writing it was not competent for plaintiff to establish by parol evidence the oral contract in restraint of trade alleged in his petition. The question before us is, Was that ruling correct? We must hold that it was. It is contended by appellant that what is commonly spoken of as the parol evidence rule does not preclude the admission of parol evidence to establish a separate, independent oral agreement made at the same time a written agreement was made. It is true, of course, parties may have a written agreement upon one subject and at or about the same time have a parol agreement upon an entirely different subject, both of which may be established by proof and enforced.

The difficulty of applying that rule to an agreement in restraint of trade such as relied upon by plaintiff here is that such an agreement in restraint of trade is never separate and independent. It is always ancillary to a contract for the sale of goods or a business. (13 C. J. 477, et seq.) It either is a part of the contract for the sale of goods or a business, or it has no validity at all. A contract for the sale of a business may include only the goods or property of the business, or it may include the goods and property of a business and the good will of the seller. Even such a contract does not include an agreement in restraint of trade. (*Wessell v. Havens*, 91 Neb. 426; *Hebert & Damare v. Maxime Dupaty et al.*, 42 La. An. 343; *Costello v. Eddy*, 128 N. Y. 650; *Zanturjian v. Boornazian*, 25 R. I. 151.) Or it may include the sale of the goods and property of the business and the good will, and an agreement that the seller will not engage in the business in the vicinity for a reasonable time. When such an agreement is made, the part of the agreement in restraint of trade is incorporated in and is an essential element of the agreement for the sale of the goods and property used in the business; otherwise it has no standing. Plaintiff's pleadings indicate that he did not have these things clearly in mind, for in one part of the petition he says that the $1,250 included compensation for the fixtures and equipment and the agreement not to again engage in business. In another part of his petition he avers that the money paid was for the equipment and the good will. The writing between

North American Life Ins. Co. v. Dyatt.

the parties, admitted in the opening statement to have been executed by defendant and received by plaintiff, says the entire consideration was given for the property sold as described in the writing. In the face of this writing it is not competent for plaintiff to show that this consideration also included compensation for ancillary parol agreements.

Cases cited by appellant are not in point. It is not necessary to analyze and distinguish them.

The judgment of the court below is affirmed.