No. 31,877

JOHN LUCAS & COMPANY, *Appellee*, v. STANLEY B. EVANS, *Appellant.*

(40 P. 2d 359)

Opinion filed January 26, 1935.

*I. T. Richardson,* of Emporia, for the appellant.

*Frank E. Miller,* of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to enjoin defendant from engaging in the paint and varnish business in Topeka for a period of five years from January 22, 1932. Judgment was for plaintiff. Defendant appeals.

The facts are substantially as follows: Plaintiff is a corporation engaged in the wholesale distribution of paints and varnishes. Defendant was the president of the Miller-Hoyes Paint and Glass Company. This company is engaged in the business of selling paints and varnishes in Topeka. In 1928 defendant was an employee of plaintiff. He borrowed the money from plaintiff to purchase the stock of the Miller-Hoyes company. He became the president of that company. He operated the company by buying the goods and products of plaintiff on a consignment contract. By the terms of this contract the plaintiff furnished merchandise to the Miller-Hoyes company and this company agreed to make monthly reports of sales from the consignment and to make payment therefor on the fifteenth of each month. Defendant continued to operate the company and to sell the merchandise of plaintiff but did not make the remittances as the contract provided. On January 22, 1932, the Miller-Hoyes company had become indebted to plaintiff in a large sum of money. In the meantime the loan made by plaintiff had become due and was renewed, and 900 shares of the stock of the Miller-Hoyes company owned by defendant was deposited as se-

curity. About this time defendant organized the Evans Paint and Glass Company and operated it at the same address as the Miller-Hoyes company. He continued to receive goods from John Lucas & Company in the name of the Miller-Hoyes Paint and Glass Company, under the consignment contract, but the goods were transferred by him to the Evans Paint and Glass Company and sold. Defendant did not remit to plaintiff for the consigned stock, and the indebtedness increased. About this time the contract which is the basis of this action was entered into. By the terms of the contract defendant turned over to plaintiff 1,200 shares of stock in the Miller-Hoyes company—

"With the understanding that you will have the full and undisputed right to vote this stock at all meetings of the stockholders of the Miller-Hoyes Paint and Glass Company, and to take such action in connection therewith as in your judgment is for the best interests of the Miller-Hoyes Paint and Glass Company and in all ways to act with respect to this stock as though it were your own property, subject to the following:"

The conditions therein set out were in substance: First, that the appellant would resign as president; second, that the appellee would suggest to the new board, which the appellee would name, the retention of the appellant in charge of the business; third, that the appellant would place his resignation as such employee in the hands of the appellee, which might be accepted by the appellee "at any time you should see fit"; fourth, related details as to how the business should be handled by the appellant.

The provisions of the contract with which we are concerned are as follows:

"5. In turning over to you twelve hundred (1,200) shares of stock as stated above, it is with the distinct understanding that you shall be liable only for the use of your best judgment in all matters pertaining thereto. To be more specific, I agree that in the event you should cause the business to be liquidated or if the business does not make money and its financial condition becomes worse than it is at the present time, that I will not hold you responsible and shall have no cause for action, and shall bring no action against you with respect thereto.

"6. In view of the above and as a part of this agreement, it shall be understood that if and when the business of the Miller-Hoyes Paint and Glass Co., or its successor, has discharged its present and future obligations to your company, to a point satisfactory to you, and I have discharged my personal obligations to your company, that then these twelve hundred (1,200) shares of stock are to be returned to me and become my property.

"7. I furthermore agree that should my connection with the Miller-Hoyes Paint and Glass Co., or its successor, cease at any time while you still hold this

stock, that I will not, for five years thereafter, engage in the paint and varnish business in Topeka or vicinity, either directly or indirectly, provided that this agreement to keep out of the paint business for five years shall not be in effect if the Miller-Hoyes Paint and Glass Co., or its successor, has ceased to exist."

After the contract had been complied with by a reorganization of the company defendant was reëmployed to manage the company. He soon began to operate the Evans Paint and Glass Company in the same manner in which he had operated it before the consummation of the contract, and failed to make remittances as provided. On this account plaintiff discharged him. Plaintiff then moved the Miller-Hoyes Paint and Glass Company to a new location. In a short time the defendant engaged in the paint and varnish business under the name of Evans Paint and Glass Company at the old location of the Miller-Hoyes company. Plaintiff brought this action to enjoin defendant from engaging in this business. It is claimed that the action of defendant is in violation of section 7 of the contract heretofore set out. The petition alleged facts about as set out here. The answer of defendant admitted the execution of the contract, but alleged that it was signed by defendant under duress. The court heard the evidence and found for plaintiff by granting an injunction restraining defendant from engaging in the paint and varnish business in Topeka for five years from May 11, 1932.

The defendant appeals from this judgment, but does not bring any of the evidence here for review; hence, we will examine the action with the idea in mind that the allegations of the petition are true.

Defendant contends that the contract is not binding on him because it is a contract in restraint of trade, and such a contract is not enforceable unless it is ancillary to a contract for a sale of goods or a business, and this contract was merely one whereby the stock of defendant was pledged with plaintiff.

Defendant cites and relies on *Tong v. McArthur*, 121 Kan. 870, 250 Pac. 262. In that case the written contract was for the sale of a barber shop. The plaintiff sought to show an oral contract of defendant not to engage in the barber business. It was contended that this oral contract could be shown because it was separate and distinct from the contract of sale. This court said this could not be because such a contract must always be ancillary to a contract for the sale of goods or a business and part of the same contract. This opinion does not have the effect contended for by the defendant. It is supported by a reference to 13 C. J. 477 and there we find the

following: "It is not necessary that the contract accompany the sale of the tangible plant of a business."

The rule is that the contract is good if it is ancillary to any lawful contract. In *Mills v. Cleveland*, 87 Kan. 549, the question is discussed. There the conclusion is reached that the correct guide is the reasonableness of the contract and whether it is inimical to the public welfare. Considered from this viewpoint the contract in question is valid. The defendant had been in business under a relationship with plaintiff for several years. During this time he had become acquainted with the paint and glass trade in Topeka. He had made this acquaintance at the expense of plaintiff. The contract whereby he surrendered control of his company to plaintiff was a lawful one and was advantageous to defendant. The agreement not to engage in the paint and glass business in Topeka for five years was ancillary to it. We hold that it was a valid contract. See *United States v. Addyston Pipe & Steel Co.*, 85 Fed. 271, 29 C. C. A. 141; also, *Kent Oil Co. v. Waddill*, 127 Kan. 704, 274 Pac. 1113, and cases there cited.

The judgment of the trial court is affirmed.