Thomas B. SHEARMAN, Irvin Fane, Joseph J. Kelly, Jr., and Robert P. Lyons, Appellants,

v.

MISSOURI PACIFIC RAILROAD COMPANY, Appellee.

No. 15784.

United States Court of Appeals Eighth Circuit.

Dec. 20, 1957.

George S. Roudebush, St. Louis, Mo. (Grand, Peper, Martin & Roudebush and Spencer, Fane, Britt & Browne, St. Louis, Mo., on the brief), for appellants.

Charles M. Spence, St. Louis, Mo. (James M. Douglas, St. Louis, Mo., J. Richard Skouby, Belle, Mo., Geo. W. Holmes, and Thompson, Mitchell, Thompson & Douglas, St. Louis, Mo., on the brief), for appellee.

Before SANBORN, JOHNSEN and VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order of the District Court granting a preliminary injunction in an action ancillary to the Proceedings for the Reorganization of the Missouri Pacific Railroad Company. The action was brought by the Company on April 19, 1957, to permanently enjoin the appellants from prosecuting an action in the Circuit Court of Jackson County, Missouri, brought by Thomas B. Shearman on or about April 16, 1957, against the directors of the Missouri Pacific Railroad Company and the Company itself, to secure a declaration (1) that its

By-Laws in so far as they provided that one-third of its directors shall be elected annually are unlawful; (2) that the terms of office of all persons presently acting as directors will expire no later than the date of the next annual meeting of the shareholders fixed by the By-Laws for May 14, 1957; and (3) that the defendants are under a duty to take all steps necessary to assure that the full membership of the Board of Directors shall be elected at the May 14, 1957, meeting of shareholders. Shearman in his state court action also prayed (1) for a permanent injunction against the defendants to prevent the solicitation of proxies for, and their participation in, any shareholders' meeting for the election of directors at which less than all of the directors shall be elected, and (2) for a temporary injunction to the same effect and an order restraining the holding of the annual meeting of shareholders of the Missouri Pacific on May 14, 1957, pending final determination of the state court action.

On April 16, 1957, the state court issued an order requiring the defendants to show cause on April 25, 1957, why the temporary injunction prayed for in Shearman's complaint should not be granted. On April 19, 1957, the instant action was brought in the federal District Court to enjoin Shearman and his counsel from prosecuting the state court action. The federal court, on April 19, 1957, issued an order restraining Shearman, et al., for ten days from further prosecution of that action, and requiring them to show cause on April 25, 1957, why the preliminary injunction prayed for by the plaintiff in the federal court action should not be granted. On April 25, 1957, the defendants filed a motion to dissolve the restraining order for lack of jurisdiction and insufficiency of the complaint and of the order. They also filed on that day a response to the order to show cause, asking that the action be dismissed. After a hearing upon its order to show cause, the federal District Court, on April 29, 1957, granted the preliminary injunction restraining the

defendants from further prosecution of their state court action pending the determination of the instant action or until the further order of the court.

The District Court found that by its order of February 25, 1955, the court had approved the Plan of Reorganization of the Missouri Pacific Railroad Company; that the order became final on September 19, 1955; that in its Consummation Order and Final Decree of March 1, 1956, in the Reorganization Proceedings, the court had reserved jurisdiction "To take such further action as may be necessary to put into effect and carry out this Order and the Plan and all other orders relative thereto heretofore entered by this Court and to prevent interference therewith"; that the Plan of Reorganization approved and confirmed by the court provided as follows with respect to the first Board of Directors of the reorganized company:

"Board of Directors.—The board of directors of the new company shall consist of 15 members who shall initially be selected as follows and thereafter elected by the stockholders: The reorganization trustee shall name 14 of said directors, of whom one shall be selected from the nominee or nominees of the debtor, Missouri Pacific, one from the nominee or nominees of the protective committee for holders of preferred stock of Missouri Pacific, three from the nominees of any of the creditor parties in interest to these proceedings, and, of the remaining nine to be so named, not less than seven shall be well-known citizens who are residents of the states served by the Missouri Pacific system. The fifteenth member shall be the president of the new company.

\* \* \* \* \* \*

"Five members of the first board of directors shall serve for one year, five shall serve for two years, and five shall serve for three years. All members elected to serve upon the expiration of the term for which the members of the first board of direc-

tors are chosen shall be elected for a term of three years. The reorganization trustee, with the approval of the court, shall determine the classification of the tenure of the first board of directors."

The District Court also found that the court in its Consummation Order and Final Decree of March 1, 1956, approved the Amendments to the Articles of Association of the Missouri Pacific Railroad Company and the By-Laws of the reorganized company, as promulgated and filed by the Reorganization Managers; that Article III of the Amendments to the Articles of Association of the reorganized company provided that the By-Laws could not be amended or repealed by the Board of Directors "so as to affect the number, term of service, or mode of classification of Directors elected by the Reorganization Managers, as sole stockholders of the Company, or elected to fill any vacancy in the Board occurring by reason of the death, resignation, or inability to act of any such Directors"; that by Article III of the Order and Decree of March 1, 1956, it was decreed that the reorganized company "shall have all the powers, rights, privileges, franchises and immunities as provided in its Articles of Association as so amended, the laws of any State or the decision or order of any State authority to the contrary notwithstanding * * *"; that Article II of the By-Laws of the reorganized company with respect to the classification and term of office of the first Board of Directors provided:

"Section 2. Classification and Term of Office. The board to be elected at the annual meeting for 1956, shall consist of fifteen directors, five of whom shall be elected to serve until the annual meeting in 1957, five until the annual meeting in 1958, and five until the annual meeting in 1959. The five directors to be elected at the annual meeting in 1957 and at each annual meeting thereafter shall be elected for a term of three years or until their respective successors are elected and

shall qualify. This section of the By-laws shall not be subject to revocation, alteration, amendment or repeal by the Board of Directors."

The District Court further found that the provisions of the Plan of Reorganization, the Amended Articles of Association and the By-Laws of the reorganized company, relating to the first Board of Directors, were intended to assure stability of management during the early years of the reorganized company; that the court by order of February 20, 1956, had approved the appointment of the fifteen persons named by the Reorganization Trustee; that they were elected by the Reorganization Managers and constituted the Board of Directors of the reorganized company; that notice of the annual meeting required to be held on May 14, 1957, had been duly given to the stockholders, and solicitation of proxies had been begun; that among matters to be voted on was the election of five directors; that time had been spent and substantial expense had been incurred in preparation for the meeting; that the action of Shearman in the state court for a declaratory judgment and injunctive relief was an interference with the Plan of Reorganization approved by the federal court, and that postponement of the annual meeting of May 14, 1957, would result in irreparable injury to the plaintiff Company.

■ The findings of the District Court are presumptively correct, and there is nothing to show that they are incorrect. Pratt v. Stout, 8 Cir., 85 F. 2d 172, 176.

The District Court concluded that it had jurisdiction to issue a preliminary injunction pending final determination of the controversy, to prevent loss or damage to the plaintiff Company and interference with the Plan of Reorganization approved and affirmed by the court, and to avoid the abrogation of the provision of the Interstate Commerce Commission, the Reorganization Managers, and the court, in the Plan, for the first Board of Directors.

In their brief and argument on this appeal, the appellants seek to have this Court decide (1) whether the District Court, by virtue of its reservation of jurisdiction or otherwise, had, after entry of its final decree in the reorganization proceeding, jurisdiction of the subject matter of this action; (2) whether the provisions of the Reorganization Plan and the By-Laws of the Company relative to the staggered terms of Directors are substantive parts of the Plan which can override inconsistent provisions of the State Constitution of Missouri; and (3) whether Section 77, sub. f of the Bankruptcy Act, 11 U.S.C. A. § 205, sub. f, if construed and applied to override the state law relative to the election of directors, is unconstitutional or unenforceable.

In our opinion, the answers to these questions are not so plain and obvious as to justify an attempt on our part to decide them on this appeal from a discretionary order to preserve the status quo. A wholesome rule for an appellate court to adhere to is to decide nothing, upon an appeal from such an order as is here in question, which it is unnecessary to decide and which the trial court has not finally and definitely decided. Each of the questions is still subject to re-examination by the District Court and by this Court in case of appeal from a final judgment. In the recent case of Holzer v. United States, 8 Cir., 244 F.2d 562, 564, this Court said:

"The granting or denial of a temporary injunction pending the trial and determination of a case rests in the sound discretion of the trial court, and its order may not be reversed by the appellate court without clear proof of an abuse of discretion, even though the appellate court would, or thinks it might, have made a different order. Pratt v. Stout, 8 Cir., 85 F.2d 172, 177, and cases cited.

"An appellate court, upon an appeal from an order granting or denying a temporary injunction, will ordinarily not consider the merits of a case further than is necessary to determine whether the trial court abused its discretion. Pratt v. Stout, supra, at page 177 of 85 F.2d.

"Before the question which the plaintiffs seek to have us decide will be ripe for review on appeal, their action must be tried on the merits and determined by the District Court. See and compare, Chicago Great Western Ry. Co. v. Chicago, Burlington & Quincy R. Co., 8 Cir., 193 F.2d 975, 978. Where a case turns upon a question of local law, the considered views of the trial judge are of importance. Buder v. Becker, 8 Cir., 185 F.2d 311, 315."

We are convinced that the District Court did not abuse its discretion in granting a preliminary injunction pending final determination of this action. Upon that ground alone, the order appealed from is affirmed.