**CELEBRITY, INC., Plaintiff, Appellant,**

v.

**TRINA, INC., Defendant, Appellee.**

**No. 5445.**

United States Court of Appeals
First Circuit.

March 30, 1959.

Jordan B. Bierman, New York City, with whom Bierman & Bierman, New York City, was on brief, for appellant.

Max Schwartz, Providence, R. I., with whom Arthur H. Feiner, Providence, R. I., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal by the plaintiff under 28 U.S.C. § 1292(1) from an order of the United States District Court for the District of Rhode Island denying the plaintiff's motion for a preliminary injunction.

In its complaint the plaintiff alleged that it was in the business of selling folding travel mirrors, that the defendant who is engaged in selling similar mirrors had maliciously and in bad faith sent to the plaintiff's customers telegrams "threatening said customers with suits for infringements of unissued patents and also threatening suits against the 'copier' of said Defendant's mirror." The defendant admitted sending a telegram which stated in part: "We Understand That A Copy Of Our Original Travel Mirror Is Being Offered We Have Attempted To Purchase One Of These Copies Believing That It Infringes Our Pending Patent Rights, So That A Lawsuit Can Be Brought Against The Copier. We Have Been Unable Thus Far To Find These Copies On The Market. As Soon As We Do Suit Will Be Filed For An Injunction To Stop The Copying. We Trust You Will Not Permit Yourselves To Get Involved In This Litigation." The defendant denied that the telegram had been sent in bad faith and

further alleged that "patents (were) pending" on its travel mirror. The defendant also asserted a counterclaim against the plaintiff on the grounds that the plaintiff by copying its mirror and offering it at lower prices had unfairly competed with it.

At the hearing held on the plaintiff's prayer for a preliminary injunction, the only evidence offered by the plaintiff was two affidavits, one of which indicated that no patents existed on the travel mirror in question and the second of which affidavits, by the president of the plaintiff, asserted among other things that its "good name and business reputation have been and are being severely and irreparably damaged by the distribution of the aforementioned telegram and letters" and "unless Defendant * * * is required to issue a retraction of the false charges of infringement contained in the letters and telegrams above referred to, irreparable harm and damage to Plaintiff's business reputation will continue." The defendant's vice president also testified and it was conceded by plaintiff that the defendant had originated the travel mirror and that it had been copied by the plaintiff.

The district judge stated that he would grant a preliminary injunction only if there were compelling equities in the plaintiff's favor and that such compelling equities did not exist in this case.

 The plaintiff in this appeal urges us to reverse the district court's denial of its motion for a preliminary injunction. It also asks that this court order defendant to issue telegrams of retraction of its claims to the same customers to whom the defendant's notices had been sent. Although it is not clear from the record before us, we assume that the request relating to telegrams of retraction, although apparently not embodied in the motion for preliminary injunction, was presented to the district judge and was denied by him. In any event, it is an integral element of the preliminary injunctive relief desired by the plaintiff. Thus viewed, it appears that the temporary relief sought is both pro-

hibitory and mandatory in form. Insofar as the mandatory aspect of the requested order is concerned, this court is reluctant to hold that in the denial thereof the district court abused its discretion. See W. A. Mack, Inc. v. General Motors Corporation, 7 Cir., 1958, 260 F.2d 886, 890. Although there is traditionally less reluctance to issue a preliminary injunction merely prohibitory in form that is aimed at preserving the *status quo,* even here the scope of review is limited to whether or not the lower court has abused its discretion. United States v. Corrick, 1936, 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263, State of Alabama, v. United States, 1929, 279 U.S. 229, 49 S.Ct. 266, 73 L.Ed. 675, Westinghouse Electric Corp. v. Free Sewing Mach. Co., 7 Cir., 1958, 256 F.2d 806, Copra v. Suro, 1 Cir., 1956, 236 F.2d 107, Hannan v. City of Haverhill, 1 Cir., 1941, 120 F.2d 87, certiorari denied 314 U.S. 641, 62 S.Ct. 81, 86 L.Ed. 514. This exercise of discretion by the district court if sound will not be reversed by the appellate court even though if it had been the lower court it would have made a different order. Shearman v. Missouri Pacific Railroad Company, 8 Cir., 1957, 250 F.2d 191, 195.

 It must be borne in mind that in considering whether the defendant should be restrained, the lower court must weigh many factors. It necessarily has to determine whether if the temporary injunction is denied the injury to the plaintiff will be certain and irreparable. See Ohio Oil Co. v. Conway, 1929, 279 U.S. 813, 49 S.Ct. 256, 73 L.Ed. 972. In the instant case there has been no evidence that the plaintiff may be unable to recover damages from the defendant if the court issues a final decree in the plaintiff's favor. Furthermore, there is no reason why the plaintiff cannot limit the effects of the defendant's notices to some extent by issuing its own notices pointing out the lack of substance to any "pending patent rights" asserted by the defendant.

Although the plaintiff's allegations state a valid cause of action, the defend-

ant by its denial of bad faith has raised an issue of fact. See American Ball Co. v. Federal Cartridge Corp., 8 Cir., 1934, 70 F.2d 579, 98 A.L.R. 665, Oil Conservation Engineering Co. v. Brooks Engineering Co., 6 Cir., 1931, 52 F.2d 783, Alliance Securities Co. v. DeVilbiss Mfg. Co., 6 Cir., 1930, 41 F.2d 668, Bruen v. Huff, D.C.W.D.Pa.1950, 100 F.Supp. 713. This issue was not decided in the preliminary hearing. The necessity of such a finding, therefore, extinguishes the validity of the plaintiff's contention that there are virtually no issues of fact that remain to be decided by the district court in a hearing on the merits.

An order will be entered affirming the order of the district court.