**ATLANTIC WOOL COMBING COMPANY**

v.

**FIBRE CORP.**

**Civ. A. No. 4123.**

United States District Court
D. Rhode Island.

Nov. 14, 1969.

**70**

J. Owen Todd, of Hale & Dorr, Boston, Mass., Francis A. Monti, of Monti & Monti, Providence, R. I., for plaintiff.

Herbert B. Barlow, of Barlow & Barlow, Providence, R. I., for defendant.

## OPINION

DAY, Chief Judge.

In this action the plaintiff, which is engaged in the business of dehairing raw cashmere, claims that the defendant has tortiously appropriated the design of certain improved dehairing machinery which the plaintiff had devised, used and withheld from general knowledge. Jurisdiction of this Court is based upon diversity of citizenship and the existence of a controversy in the requisite amount. Plaintiff seeks injunctive relief, an accounting of profits and damages.

This matter is now before me on the plaintiff's application for a preliminary injunction against the defendant. After a protracted hearing and oral arguments by counsel, I reserved decision pending the filing of memoranda by them.

The evidence presented during said hearing establishes that the plaintiff has been engaged in the business of dehairing raw cashmere since 1951. In its raw state, cashmere is a matted mass of soft down which contains long, coarse guard hairs, dirt and other impurities. Dehairing is the process of separating the commercially valuable down from the other constituents of said matted mass of down.

Prior to 1960, the feed mechanism employed in the machines used to dehair cashmere consisted of two revolving cylindrical metal feed rolls between which said raw cashmere was compressed and as it emerged therefrom, it was brought into contact with a revolving cylindrical comb which removed a large part of the commercially valuable down. In 1960, an engineer employed by the plaintiff conceived and designed a new device for holding said raw cashmere against said revolving cylindrical comb during the combing process. This device employed one revolving cylindrical feed roll used in conjunction with a metal feed plate that was curved around said feed roll. This caused the cashmere in its raw state to be held much closer to the comb and for a longer period of time. As a result, a greater amount of the commercially valuable down was recovered with savings in labor costs.

Plaintiff incorporated this device in its dehairing machines and it is clear that it has withheld this new design of its dehairing machines from general knowledge.

It further appears that in 1966 the Court of Appeals for the First Circuit in Atlantic Wool Combing Company v. Norfolk Mills, Inc. et al., 1966, 1 Cir., 357 F.2d 866, held that the plaintiff's design of its dehairing machinery was a trade secret and that it had been tortiously appropriated by the defendants, Norfolk Mills, Inc., General Waste, Inc., two Massachusetts corporations, and

Paul L. O'Sullivan and Eugene O'Sullivan, both citizens of Massachusetts. Subsequently, on March 13, 1967, a permanent injunction was entered by the United States District Court for the District of Massachusetts enjoining said defendants and each of them and their respective agents and employees, etc., from making, purchasing, acquiring—operating or using thereafter the plaintiff's concept or design of its machine in a machine or system of dehairing cashmere fibres.

Subsequently, in 1968, an employee of General Waste, Inc. at the direction of the said Paul L. O'Sullivan made certain changes in the feeding mechanism of the dehairing machines then owned by General Waste, Inc. in an attempt to circumvent said injunction. In all other respects said machines were substantially copies of the plaintiff's machines.

On May 22, 1968, the defendant Fibre Corp. was organized under the laws of the State of Rhode Island. Its Treasurer is the said Paul L. O'Sullivan. Following its incorporation, five (5) of said dehairing machines belonging to General Waste, Inc. and located at Norfolk, Massachusetts, were sent by the said Paul L. O'Sullivan to the newly established place of business of the defendant at Woonsocket, in the State of Rhode Island. Subsequently the defendant entered into the business of dehairing raw cashmere with said machines. Its employees for the most part have been former employees of General Waste, Inc. From the evidence presented it is clear that said Fibre Corp. is the alter ego of said Paul L. O'Sullivan. Its activities are controlled solely by him. The employees of the defendant have not been instructed to refrain from disclosing to other persons or corporations the design of the machines used by the defendant, and several have left its employment. It is also clear beyond doubt that the defendant is insolvent and that the plaintiff may be unable to recover damages from it if this Court should issue a final decree in its favor.

It is well settled that an application for a preliminary injunction is addressed to the sound discretion of the trial court. Yakus v. United States, 1944, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Hannan v. City of Haverhill, 1941, 1 Cir., 120 F.2d 87. As a prerequisite to the issuance of a preliminary injunction the plaintiff must establish by a fair preponderance of the evidence that there is a reasonable probability that it will prevail on the merits after a trial, and that it will suffer certain and irreparable damage pendente lite if its application for the preliminary injunction is not granted. Ohio Oil Company v. Conway, 1929, 279 U.S. 813, 49 S.Ct. 256, 73 L. Ed. 972; American Metropolitan Enterprises of New York, Inc. v. Warner Bros. Records, Inc., 1968, 2 Cir., 389 F.2d 903; Ikirt v. Lee National Corp., 1966, 3 Cir., 358 F.2d 726; Speedry Products, Inc. v. Dri Mark Products, Inc., 1959, 2 Cir., 271 F.2d 646; Celebrity, Inc. v. Trina, Inc., 1959, 1 Cir., 264 F.2d 956; Cuneo Press of New England, Inc. v. Watson, 1968, D.C.Mass., 293 F.Supp. 112.

After a careful consideration of all of the evidence and the reasonable inferences to be drawn from it, I am convinced that it is reasonably probable that the plaintiff will prevail upon the merits after a trial. Additionally, I find and conclude that unless the plaintiff's application for a preliminary injunction is granted it will suffer certain and irreparable damage. A preliminary injunction will be issued enjoining and restraining the defendant, its agents and employees until the further order of this Court from using, operating, leasing, selling or otherwise disposing of said dehairing machinery located on its premises, and from disclosing the design thereof to any other person or corporation.

Counsel for the plaintiff will prepare and present an appropriate order in conformity with this opinion. Said order shall also provide that the plaintiff shall give security in the sum of $1,000 as provided in Rule 65(c) of the Federal Rules of Civil Procedure.