MR. BOSTON SEAFOODS CORP. and McFisheries, Inc.,

v.

MR. BOSTON DISTILLER, INC.

MR. BOSTON DISTILLER, INC.

v.

MR. BOSTON SEAFOODS CORP. and McFisheries, Inc.

Civ. A. Nos. 69–811–C, 69–848–C.

United States District Court,
D. Massachusetts.

July 27, 1970.

as former owner of the trademark "Mr. Boston" in connection with fish products, assigned all of its right, title and interest in that trademark to Mr. Boston Seafoods Corporation, and further alleges that one or the other of these plaintiffs has continually used the trademark since May 19, 1969, Both corporate plaintiffs are related companies by virtue of common controlling stock ownership of Raymond McCarthy, President of both companies.

Civil Action No. 69–848 was filed in Suffolk Superior Court on August 8, 1969 by Mr. Boston Distiller, Inc. against Mr. Boston Seafoods Corporation, and was removed to this court by a petition filed with the Clerk of this court on August 12, 1969. The bill of complaint in Civil Action 69–848 alleges that Mr. Boston Distiller had been continuously engaged in the business of manufacturing alcoholic and non-alcoholic consumables for over 23 years and that in connection therewith Distiller had prominently featured the trademarks "Mr. Boston" and "Old Mr. Boston" on its products and in its advertising. The complaint further alleges that Distiller is the owner of United States Patent Office trademarks "Old Mr. Boston" (No. 770,017) and "Mr. Boston" (No. 770,-018), for "non-alcoholic cocktail beverages."

Prior to the removal of Civil Action 69–848 to this court, a judge of the Superior Court, who was not informed of the pendency of the prior-filed suit in this court, allowed *ex parte* a restraining order against Seafoods without affording Seafoods an opportunity to be heard. That restraining order was vacated, equally *ex parte*, by this court four days after the removal had been effected, and subsequently a motion to remand Civil Action 69–848 to Superior Court was denied.

Thereafter, a motion for preliminary injunction was filed by Seafoods in Civil Action 69–811. The relief sought by this motion was an order enjoining Distiller, pending final hearing of this case,

George L. Greenfield, Wolf, Greenfield, Hieken & Sacks, Boston, Mass., for Mr. Boston Seafoods Corp. and McFisheries, Inc.

Laurence R. Buxbaum, R. Robert Popeo, Mintz, Levin, Cohn & Glovsky, Boston, Mass., for Mr. Boston Distiller, Inc.

## OPINION

CAFFREY, District Judge.

Civil Action No. 69–811 was filed in this court on July 28, 1969 by Mr. Boston Seafoods Corporation and McFisheries, Inc. (hereafter Seafoods), as plaintiffs, against Mr. Boston Distiller, Inc. (hereafter Distiller). Jurisdiction of this court was invoked under 28 U.S.C. § 2201 for alleged violations of 15 U.S.C. §§ 1121 and 1126(g), (h) and (i). The complaint alleges that McFisheries, Inc.,

from instituting any other litigation against Seafoods based on the use of the mark "Mr. Boston" or the mark "Old Mr. Boston." A cross-motion for preliminary injunction was contained in an answer and counterclaim filed in the same case by Distiller. Distiller's motion sought both preliminary and permanent injunctions against Seafoods' use of the name "Mr. Boston Seafoods Corporation" and the trademarks "Mr. Boston" and "Old Mr. Boston." Several hearings were held with reference to these cross-motions, at which seven witnesses testified and certain exhibits were admitted into evidence. The principal issue between the parties is whether or not either, by the use of its logos and the words "Mr. Boston" or "Old Mr. Boston," are violating the provisions of 15 U.S.C. § 1114 et seq., and Mass.G.L., ch. 110, sec. 7A.

■ With regard to the motion of Seafoods for an injunction against additional litigation in other courts, I find and rule that the sole evidence offered in support of that motion is an affidavit dated August 19, 1969 filed by Raymond McCarthy, President of Seafoods and of McFisheries, Inc., and I rule that the recitals contained therein are legally inadequate to sustain the burden which a party seeking injunctive relief must carry. I find that there is no probability that Distiller will follow "a scheme of harassment, vexatious and costly litigation," as opined by Mr. McCarthy, and in so finding I have in mind that even without such an injunction no additional litigation has been filed in any court since the removal to this court of the action filed in Suffolk Superior Court. I also have in mind that at a pre-trial conference held in this case, counsel for both parties indicated that they will work out a stipulation presenting all issues for ultimate trial in just one of these two cases, and that they will dispose of the other case in the reasonably near future prior to any trial on the merits. Accordingly, the motion for preliminary injunction filed by Seafoods is denied.

■ With regard to the application for a temporary injunction filed on behalf of Distiller, the controlling case in this Circuit is Baker v. Simmons, 307 F.2d 458 (1962), where the Court observed (at p. 461):

"In an action for infringement of a protected trademark or name the test is that of confusing similarity. Thus under the Lanham Act it is incumbent upon a court to determine whether a defendant's use of the contested mark is 'likely to cause confusion or mistake or to deceive purchasers as to the source of origin of * * * such goods or services.'"

See, also, Phoenix Mfg. Co. v. Plymouth Mfg. Co., 286 F.Supp. 324 (D.Mass. 1968); Tiffany & Co. v. Boston Club et al., 231 F.Supp. 836 (D.Mass.1964).

On the basis of the testimony and the exhibits produced at the hearings held on these applications for injunctive relief, I find that Distiller has used its logos and marks only in connection with alcoholic beverages or non-alcoholic beverages normally used in conjunction with or in lieu of alcoholic beverages. The only non-alcoholic beverage presently being marketed by Distiller is a cocktail mix. I find, on the other hand, that Seafoods is engaged solely in marketing frozen fish, all of which is sold at wholesale for distribution in the retail chain of the First National stores. This product is made available for purchase by the public in the frozen food section of First National supermarkets in New England and a few other Eastern states. Distiller's product is sold in liquor stores and a small number of supermarkets. I find that no First National store in New England sells liquor, and that three in New Jersey and one in New York do sell liquor. I am not satisfied on the evidence adduced at the hearings that the buying public is at all confused into thinking that the liquor and the frozen fish come from a common source. Nor do I find that the rugged-looking fisherman type in the sou'wester used by Seafoods is likely to be confused with

the Dickensian top-hatted English gentleman type used in the logos of Distiller.

The general standards for the granting of injunctive relief may be found in Keefe v. Geanakos, 418 F.2d 359, 360 (1 Cir. 1969); Automatic Radio Mfg. Co. v. Ford Motor Co., 390 F.2d 113, 115 (1 Cir. 1968), cert. denied 391 U.S. 914, 88 S.Ct. 1807, 20 L.Ed.2d 653; Celebrity, Inc. v. Trina, Inc., 264 F.2d 956, 958 (1 Cir. 1959); Cuneo Press of N. E. v. Watson, 293 F.Supp. 112, 115 (D.Mass. 1968). 15 U.S.C. § 1116 adopts these standards by the provision:

> " * * * courts * * * shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent Office."

For an application of these general standards in the trademark area, see W. E. Bassett v. Revlon, Inc., 354 F.2d 868 (2 Cir. 1966).

Despite evidence that Distiller has made very substantial expenditures for advertising and that it achieves annual sales of a very substantial nature dollarwise, there has been no showing, on the evidence adduced as yet, that its trademarks are "strong mark[s] well known to the public, used frequently as a synonym for quality of a very high degree," as was found in *Tiffany*, 231 F.Supp. at 842. Nor has any evidence been adduced thus far on the basis of which a finding could be made that Seafoods' activities have a tendency to subject the good will and reputation of Distiller's trade name and trademark to the hazards of Seafoods' business.

I rule that Distiller has not shown anything approaching irreparable harm, it has not shown any substantial financial impact on its revenues due to the activities of Seafoods, nor has it shown a probability of ultimate success on the merits. Consequently, I rule that Distiller has not carried the burden of showing a right to preliminary injunctive relief under either the Lanham Act (15 U.S.C. § 1114 et seq.) or under the so-called anti-dilution provisions of Mass. G.L., ch. 110, sec. 7A.

Order accordingly.