TAUNTON MUNICIPAL LIGHTING
PLANT, Taunton, Massachusetts,
Plaintiff,

v.

DEPARTMENT OF ENERGY,
Defendant.

Civ. A. No. 79–829–C.

United States District Court,
D. Massachusetts.

July 17, 1979.

Bonnie S. Blair, Cynthia Schneider Bogorad, Spiegel & McDiarmid, Washington, D. C., Edward A. Roster, Roster & Antine, Taunton, Mass., for plaintiff.

Stuart E. Schiffer, Asst. Atty. Gen., Barbara L. Gordon, C. Max Vassanelli, Dept. of Justice, Washington, D. C., Carolyn Grace, Asst. U. S. Atty., Boston, Mass., Mark J. Kreitman, David Engles, U. S. Dept. of Energy, Regulatory Litigation Div., Washington, D. C., for Federal defendants.

David S. Mortensen, J. Barry Morrissey, Timothy H. Gailey, Hale & Dorr, Boston, Mass., for intervenor Quincy Oil, Inc.

## MEMORANDUM

CAFFREY, Chief Judge.

This matter came before the court on plaintiff's motion for a preliminary injunction. Taunton seeks to enjoin the Department of Energy (DOE) from disbursing to Quincy Oil, Inc. (Quincy) over $700,000 in alleged overcharges plus interest held in an escrow account which was established by Quincy pursuant to an agreement to stay a Remedial Order (RO) issued to Quincy by the Federal Energy Administration, DOE's predecessor.

The basic facts in the dispute between Quincy, Taunton and the DOE are set forth in a companion case, *Quincy Oil, Inc. v. FEA*, 468 F.Supp. 383 (D.Mass.1979). The facts of this controversy have generated at least three lawsuits. Taunton has filed essentially the same motion for a preliminary injunction in each of the suits. In brief, the actions are as follows. In *Quincy Oil, Inc. v. FEA, supra*, Quincy sought judicial review of an emergency petroleum price regulation, FEA Ruling 1977–5 and of the RO predicated thereon. During the pendency of that appeal, DOE issued Ruling 1979–1 which adopts the position asserted by Quincy and repudiates Ruling 1977–5. Thereafter DOE withdrew the RO. Thus, *Quincy Oil, Inc. v. FEA*, has been dismissed on the grounds of mootness. The DOE has voluntarily refrained from disbursing the escrow fund until the matter now before the court is resolved. In the present action brought by Taunton against DOE for declaratory judgment and injunctive relief brought pursuant to Section 5 of the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 754, Taunton challenges the validity of Ruling 1979–1 as well as the DOE's withdrawal of its RO. In light of this court's ruling in *Quincy Oil, Inc. v. FEA*, 468 F.Supp. 383 (D.Mass.1979), Taunton is estopped from contesting the DOE's lawful withdrawal of the RO. *Land Services, Inc. v. Gaudet*, 414 U.S. 573, 593, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). In a third action, *Taunton Municipal Lighting Plant v. Quincy Oil, Inc.*, Civil Action No. 78–2233–C, brought pursuant to Section 5(a)(1) of the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 754(a)(1), which incorporates § 210 of the Economic Stabilization Act, 12 U.S.C. § 1904 note (hereinafter "Section 210 suit"), Taunton seeks money damages alleged to have arisen from Quincy's violation of the mandatory petroleum price regulations.

Under well established legal principles, a plaintiff seeking a preliminary injunction must show as part of its burden that it will sustain irreparable harm if the injunctive relief is not granted. *Garzaro v. University of Puerto Rico*, 575 F.2d 33 (1st Cir. 1978); *Automatic Radio Manufacturing Co. v. Ford Motor Co.*, 390 F.2d 113, 115–6 (1st Cir.), *cert. denied*, 391 U.S. 914, 88 S.Ct. 1807, 20 L.Ed.2d 653 (1968). It is well settled that lack of an adequate remedy at law is a substantial element of irreparable harm. *Celebrity, Inc. v. Trinia*, 264 F.2d 956 (1st Cir. 1959); *Ainslie Corp. v. Middendorf*, 381 F.Supp. 305, 306–307 (D.Mass. 1974).

Taunton concedes that harm which can be adequately compensated with money damages is not considered to be irreparable. *Interco, Inc. v. First National Bank of Boston*, 560 F.2d 480, 485 (1st Cir. 1977). Taunton argues, however, that there is a substantial danger that its rights as ultimately determined by this court when all three

actions are completed will be defeated unless the injunction is issued. In particular, it claims that there is a serious threat that the later award of monetary damages will be an inadequate remedy since Quincy may not be able to satisfy the judgment. Taunton, thus in seeking these injunctions, is attempting to block DOE from disbursing funds in which DOE no longer has an interest in order to assure that any judgment which might be obtained by Taunton in its private Section 210 damages action would be collectible.

Even if the court assumes as Taunton argues that Quincy may be unable to respond to an award of money damages if one were to be entered in Taunton's private damages action, Taunton still fails to state a claim in this action which entitles it to injunctive relief. The injury complained of in this suit is the enforcement of Ruling 1979–1. The injury complained of in its motion for a preliminary injunction is disbursement. The existence of the escrow fund is contingent upon the RO which has been lawfully withdrawn. Thus, even if Taunton were to succeed in its complaint filed in this action it would not have a legal right to the escrow funds. A decree entered by the court in this action might enjoin Ruling 1979–1 but it would not grant to Taunton a legal right to the escrow funds.

Unlike the authorities cited to the court by Taunton, *e.g. Ainslie Corp. v. Middendorf, supra,* wherein the action for damages would be inadequate since it would not fully compensate the loss sustained by the plaintiff, *id.* at 307, and *Atlantic Wool Combing Co. v. Fibre Corp.,* 306 F.Supp. 69 (D.R.I.1969), wherein it was "clear beyond a reasonable doubt" that the defendant was insolvent, *id.* at 71, here Taunton has an alternative remedy in another action already filed, *i.e.,* its private action against Quincy, in which it can be fully compensated. Thus it cannot show irreparable harm.

Taunton attempts to obtain security by preserving the escrow fund as an incident to a legal claim and for the purpose of assuring collection of a judgment if one is subsequently entered in Taunton's favor in its Section 210 suit. Taunton's proper course to preserve the fund is to seek attachment in that action where it has standing to assert its interest in Quincy's assets. Thus it appears if any remedy is warranted, it would be one governed not by Rule 65, Fed.R.Civ.P., but by Rule 64, Fed.R.Civ.P. 7 Moore's Federal Practice ¶ 64.04[3] (2d ed. 1972).

For the foregoing reasons, an order shall enter denying Taunton's motion for a preliminary injunction.